## THE CITY OF BURRTON v. THE HARVEY COUNTY SAVINGS BANK.

1. FIRE EXTINGUISHER, *City of Third Class May Buy.* Cities of the third class have power, under § 54 of ch. 19 of the Comp. Laws of 1879, to contract for the purchase of fire extinguishers, and to create a debt therefor.

2. ——— *Time Warrants.* They may also anticipate the revenues of the year, and in payment of a debt, whether an antecedent or one presently contracted, issue time warrants, payable at such time during the current year as the revenues may reasonably be expected to be collected.

3. ——— No reply is necessary to an answer which, though verified, amounts to nothing more than a denial.

4. INTEREST; *Erroneous Judgment.* Where a bill of particulars counts on city warrants, which on their face draw but seven per cent. interest, and prays judgment at the same rate of interest, it is error to enter a judgment carrying ten per cent. interest.

*Error from Harvey District Court.*

ACTION brought by the *Harvey County Savings Bank* against the *City of Burrton,* to recover upon seven warrants of that city. Trial at the November Term, 1881, of the district court, and judgment for the plaintiff. The defendant brings the case here. The facts are stated in the opinion.

*S. N. Wood,* for plaintiff in error.

*Bowman & Bucher,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by the defendant in error before a justice of the peace against the plaintiff in

error on seven city warrants. The bill of particulars copying the seven warrants alleged, that on March 1, 1879, the city being indebted to one C. A. Stillson, by its proper officers executed the warrants. It also alleged an indorsement and transfer to the plaintiff for value, and that no portion had been paid. The following is a copy of one of the warrants, others being similar:

"No. 26.                    "CITY CLERK'S OFFICE,  ⎫
     BURRTON, HARVEY COUNTY, KAS., March 1, 1879. ⎬
" *The City Treasurer of the City of Burrton, Kansas:*

"Pay to C. A. Stillson, or bearer, ten months after date, twenty (20) dollars on account of fire extinguisher, int. at 7 %, out of any money in your hands belonging to the city of Burrton not otherwise appropriated.

"By order of the city council of the city of Burrton.
                              WM. KINNEY, *Mayor.*
"Attest: W. D. McCLINTOCK, *City Clerk.*
"$20.   Accepted March 6, 1879.
                         R. M. WEYMOUTH, *Treasurer."*

The city answered with a verified denial, denying that it ever issued the obligations sued on, and alleging that if they were issued it was without authority from the city, and also that the city never bought the fire extinguishers mentioned in the warrants, nor authorized anyone to buy them. The case was tried upon these pleadings, and upon the trial judgment was entered in favor of the plaintiff for the sum of $166.10, and interest thereafter at the rate of ten per cent. This judgment was rendered in the district court, the result of the trial in the justice's court not appearing in the record. The testimony was not preserved, and the case is presented to us upon simply the pleadings and judgment.

The plaintiff in error insists that these warrants were void, because, *first*, as appears from the bill of particulars, they were issued in payment of an antecedent debt; and *second*, because they are time warrants. Neither of these objections is well taken. Cities of the third class have power to make certain contracts, and in the making of such contracts to incur indebtedness. Thus, by § 54, ch. 19, Comp. Laws 1879,

(the act concerning cities of the third class,) the council is authorized to purchase "fire engines, hooks, ladders, buckets and other apparatus." Under this, it may purchase fire extinguishers such as these warrants were given for. By § 35 of the same act, it may "appropriate money and provide for the payment of the debts and expenses of the city;" and it is immaterial whether the language of the bill of particulars is to be understood as implying a present purchase, a debt therefor and the issue of these warrants in payment, or a prior purchase and antecedent debt. In either case the city could provide for payment and issue warrants therefor. (*City of Wyandotte v. Zeitz*, 21 Kas. 660, 661.)

Again, the fact that these warrants are not payable immediately does not invalidate them. Express authority is given for the issue of city warrants, (§ 24 of said chapter,) and in the absence of any statutory inhibition, the fact that the warrants are not made payable until such time as the revenue of the year will probably be collected, does not render them void. It has been laid down very generally, (see Dillon's Municipal Corporations, note to § 407, and cases cited therein,) that a municipal corporation has the power, in the absence of any statutory inhibition, to issue any ordinary evidence of indebtedness, and payable either instantly or at any time in the future. It is unnecessary in this case to go to this extent. It is sufficient to hold as we do, that there being no statutory inhibition the city may anticipate the revenues of the year, may contract debts in the earlier part of the fiscal year, and issue warrants payable at such time during the year as the taxes will probably be collected. These warrants were issued in March, payable in ten months, which would take them to the first of January ensuing; and as tax-paying time practically commences about the middle of December, the warrants were in effect simply drafts on the revenue then anticipated. The authority to issue such warrants, we think, was vested in the city.

Again, counsel for plaintiff in error insists that as his answer was verified, and no reply filed, upon the pleadings the

city was entitled to judgment. This is a mistake. His answer, though verified, amounted to nothing more than a denial, and to a denial no reply is necessary. The denial being verified, put upon the plaintiff the burden of proving the execution of the warrants, which otherwise would have been admitted. As the testimony is not preserved, it must be presumed that it was sufficient to establish all the allegations of plaintiff's bill of particulars, and its right to recover.

One other matter requires notice. The bill of particulars prays for seven per cent. interest. The warrants as copied draw seven per cent. interest, but the judgment as entered bears ten per cent. interest. This of course is erroneous. The judgment can carry no higher rate of interest than the instrument upon which it is based, or than is prayed for in the bill of particulars. Counsel for defendant in error concede this, but insist that it is a mere mistake of the clerk in entering the judgment, which should be corrected in the court below. It may or may not have been a mistake of the clerk. The journal entry of judgment may have been prepared by the plaintiff's counsel, as indeed it ought always to be, and the clerk may have copied the entry just as it was prepared. There is no presumption in favor of the party and against the clerk; it is rather to be presumed that the clerk entered the judgment just as he was directed. At any rate, as the record now stands there is a judgment which is not warranted in its entire extent by the pleadings in the case. It is our duty, therefore, to order that it be so modified as to conform to those pleadings. The order therefore will be, that the case be remanded to the district court, with instructions to modify its judgment so as to make it draw seven instead of ten per cent. interest. In all other respects the judgment will be affirmed. The costs in this court will be divided between the parties.

All the Justices concurring.