C. G. CARLETON & CO. v. THE CITY OF WASHINGTON.

HOOK-AND-LADDER TRUCK, *Valid Contract to Purchase.* Cities of the third class have power under ? 56, ch. 19a, Comp. Laws of 1885, to contract for the purchase of a hook-and-ladder truck and fixtures, and such contract is not void for the reason that it provides for the payment for such apparatus in the future; and it can make no difference that no taxes have been levied or money appropriated for such payment.

*Error from Washington District Court.*

ACTION brought by *C. G. Carleton & Co.* against the *City of Washington*, a city of the third class, to recover $275, alleged to be due upon a contract made between plaintiffs and

defendant for the purchase of a hook-and-ladder truck and fixtures. A copy of the contract is as follows:

"This agreement, made and entered into this 26th day of January, 1884, by and between C. G. Carleton & Co., of Chicago, Ill., party of the first part, and the city of Washington, county of Washington, state of Kansas, party of the second part, witnesseth, that the said party of the first part, for and in consideration of the covenants and agreements of the said party of the second part hereinafter contained, do hereby agree to sell and deliver in good shipping order within 90 days from date hereof, on board cars at Seneca Falls, N. Y., the following, to wit: A hook-and-ladder truck mentioned and described in their respective catalogues of fire department supplies as figures 332, No. 1, made by Ramsey & Co., of Seneca Falls, N. Y., and to be equipped as follows: twenty-six rubber buckets instead of eight, to be inscribed Washington H. & L. Co. The said party of the second part hereby agrees and binds itself to take and receive the above-described hook-and-ladder truck if delivered in accordance with the above specifications, and to pay for the same as follows, to wit: the sum of four hundred and twenty-five dollars, payable and divided into city warrants drawing 7 per cent. interest from delivery of truck at Washington, Kansas, as follows: $125 payable March 1, 1885; $150, March 1, 1886; $150, March 1, 1887. In witness whereof, the parties have hereunto set their hands and seals.                    C. G. CARLETON & CO.,
                                        Per L. M. SUMMERFIELD.
                    For the city: THOMAS GROODY, *Mayor.*
[Seal.]                              JAS. S. VEDDER, *City Clerk.*"

The petition further alleged that said Thomas Groody, mayor, and James S. Vedder, city clerk, were duly authorized and empowered by the city council of said city to enter into and make said contract; that under said contract they furnished the truck and other appliances, which were accepted by the city, and that there is now due on said first two installments the sum of $275. The defendant demurred to the plaintiffs' petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant. This demurrer the court sustained, at the November Term, 1886. The plaintiffs bring the case here for review.

*Omar Powell,* for plaintiffs in error.

*J. W. Rector,* for defendant in error.

Opinion by CLOGSTON, C.: The only question presented by this record is, can a city of the third class contract for a hook-and-ladder wagon and fixtures, to be paid for in the future? The defendant contends that the authorities of a city have no right or power to contract for appliances and to pledge the credit of the city for the same, except where said payment is to be made out of the funds appropriated or levied for that current year; while it is claimed by the plaintiffs that if the city had authority to contract and purchase such appliances that it has the right to use in payment thereof the money on hand, or to execute orders, notes, or other evidences of indebtedness, to be paid at a future time. We think the claim of the plaintiffs is correct. Section 56, ch. 19*a,* Comp. Laws of 1885, provides:

"The council may procure fire engines, hooks, ladders, buckets, and other apparatus, and organize fire-engine, hook-and-ladder, and bucket companies, and prescribe rules of duty for the government thereof, with such penalties as they may deem proper, not exceeding $100, and make all necessary appropriations therefor."

In that section ample authority is given to the city to purchase the property contracted for in this case, and we have found no statute that anywhere or in any manner conflicts with this section. If the city has the authority to purchase, unless restricted by some other statute, the power to purchase incidentally carries with it the power to pay for the same. Defendant insists that the restriction is found in § 44 of said ch. 19*a,* which is as follows:

"SEC. 44. The mayor and council of any city governed by this act shall have no power to appropriate or issue any scrip, or draw any order on the treasurer for any money, unless the same has been appropriated or ordered by ordinance in pursuance of some object provided for in this act," &c.

We think this section places no inhibition upon the city council that will prohibit it from purchasing or paying for the

property authorized to be purchased by § 56. It is true that § 44 provides that before any money can be drawn from the treasury or appropriated, an ordinance must have been passed authorizing the payment. And before this claim of the plaintiffs can be paid there must be an ordinance of the city authorizing its payment, or authorizing the warrant to be drawn upon the treasurer for that amount, in the same manner as all other sums of money are drawn from the treasury, such as salaries of the city officers, and other claims against the city. In *City of Wyandotte v. Zeitz*, 21 Kas. 649, which was an action brought against the city to recover for the building of sidewalks, the court said:

"We think that the city of Wyandotte had the power to contract for the making of the improvements mentioned; that authority to contract for the making of such improvements necessarily implies the authority to pay for the same, and in the absence of a statute specifying or restricting the manner of such payment, the authority to give a suitable acknowledgment of the debt, by bond, note, or other contract." (See also *Ketchum v. City of Buffalo*, 14 N. Y. 356.)

In *City of Burrton v. Savings Bank*, 28 Kas. 390, it was said:

"It has been laid down very generally that a municipal corporation has the power, in the absence of any statutory inhibition, to issue any ordinary evidence of indebtedness, and payable either instantly or at any time in the future." (See Dillon on Municipal Corporations, § 407, with note, and cases there cited. Also, see *Buffton v. Studebaker*, 106 Ind. 129.)

We are therefore of the opinion that this contract is valid, although no tax had been levied and no ordinance appropriating the money had been passed. The power to contract does not depend upon the question whether the money has been raised or taxes levied to meet the indebtedness. If appropriations have been made or taxes levied for that purpose, out of that fund the debt can be paid; but if none has been provided, then it becomes the duty of the city to make such provision and such payment, and for lack of such appropriations the city cannot avoid her contracts and liabilities.

We therefore recommend that the judgment of the court below be reversed, and the cause remanded with an order that the demurrer be overruled.

By the Court: It is so ordered.

All the Justices concurring.