GARFIELD TOWNSHIP v. J. F. CROCKER.

No. 12,488.   (65 Pac. 273.)

SYLLABUS BY THE COURT.

1. COUNTY WARRANTS—*Non-negotiable.*   County warrants are not negotiable instruments, as defined by the law-merchant.

2. FEES AND SALARIES—*Officer de Facto.*   No action lies by an officer *de facto* to recover for salary.

Error from Finney district court; WM. EASTON HUTCHISON, judge.   Opinion filed June 8, 1901.   Division two.   Reversed.

*Milton Brown,* for plaintiff in error.

*A. J. Hoskinson,* for defendant in error.

The opinion of the court was deliverd by

SMITH, J.:  This was an action to recover on two county warrants.   One was for the sum of $112, issued January 9, 1891, by the chairman of the board of county commissioners and the county clerk, on the treasurer of Garfield county, in favor of M. L. Ramsell, for three months' salary as county superintendent of public instruction.   It was assigned by the latter to the plaintiff below.   The other warrant was for a small sum for general expenses of the county.

Garfield county was created by an act of the legislature in 1887.   (Laws 1887, ch. 81, § 6.)   In March, 1893, this court, in an original proceeding in *quo warranto*, brought by the state, on the relation of the attorney-general, rendered a judgment to the effect that Garfield county was an unconstitutional and void organization, and dissolved the same.   (*The State, ex rel., v. Comm'rs of Garfield Co.*, 54 Kan. 372, 38 Pac. 559.)  This action of the court was based on the fact that,

when Garfield county was erected, it contained a geographical area of less than 432 square miles, in violation of article 9, section 1, of the constitution.   By chapter 98 of the Laws of 1893, the territory formerly known as Garfield county was made a municipal township of Finney county, to be known as "Garfield township," and attached to Finney county for judicial purposes.   In *Riley v. Garfield Township*, 54 Kan. 463, 38 Pac. 560, the county of Garfield was held to have had a *de facto* organization from the time of its creation to its dissolution, on the 7th day of March, 1893. (See, also, *In re Short, Petitioner*, 47 Kan. 250, 27 Pac. 1005.)

The warrant sued on is not a negotiable instrument. (Dan. Neg. Inst., 4th ed., § 427 ; *State v. Cook*, 43 Neb. 318, 61 N. W. 693 ; *The Mayor v. Ray*, 19 Wall. 468, 22 L. Ed. 164 ; *Railroad Co. v. Kearny County*, 58 Kan. 19, 22.)   The allowance of the claim by the board of county commissioners was neither final nor conclusive.   (*Commissioners of Leavenworth v. Keller*, 6 Kan. 510.)

Ramsell, the payee in the warrant, was a *de facto* officer of Garfield county, and the question presented is whether there can be a recovery for his salary as such officer during the time he was performing the duties of the office.   It is uniformly held, upon principles of public policy, that the authority of a *de facto* officer to perform the duties of the office which he assumes to exercise cannot be inquired into in a collateral action to which the officer is not a party.   The reason for the rule ceases, however, when the officer seeks to recover compensation for services performed. None but an officer *de jure* can maintain an action for compensation or salary.   (Throop, Pub. Off. §§ 661, 662.)   In many of the decided cases where this ques-

18—63 KAN.

tion was involved, it appeared that there was an officer *de jure* either claiming, or who might be entitled to, the salary and emoluments; and for this reason a recovery by a *de facto* claimant was denied. (*Dolan v. Mayor*, 68 N. Y. 274.) The rule, however, is not restricted in its application to offices to the emoluments of which there are more than one claimant.

In *Dolliver v. Parks*, 136 Mass. 499, 500, plaintiff, who claimed to be a licensed pilot under the laws of Massachusetts, sought to recover pilotage fees from the owner of a vessel. The latter defended on the ground that the pilot had not executed the bond required by law. It was contended that the plaintiff was a pilot *de facto*, and that his title to the office could not be contested in the suit for fees. The court said:

"While the acts of an officer *de facto* are valid, so far as they concern the public or the rights of third persons who are interested in the things done, and his title to the office cannot be inquired into collaterally, yet when he sues in his own right to recover fees which he claims are due to him personally, by virtue of his office, his title to the office may be put in issue; and, to recover, he must show that he is an officer *de jure*. In such a suit, no rights of the public or of third persons are concerned. The question of the title to the office is directly raised; and he can recover no benefit to himself from an office which he holds *de facto* only."

In *Meagher v. The County of Storey*, 5 Nev. 244, 251, Meagher was the qualified and acting recorder of Virginia City and performed certain duties as committing magistrate, imposed on him by an act of the legislature. The law creating the office was decided to be unconstitutional, and it was held that, while the incumbent might have been an officer *de facto*, yet,

there being no legal authority to perform the services for which the action was brought, no compensation could be recovered; that the considerations which support and validate the acts of an officer *de facto* do not go so far as to require the payment of fees to such officers for services performed. The court said:

"No court has ever gone farther in this direction than to hold that acts performed by public officers are valid as to the public; they have not held that they themselves may in a direct proceeding of this kind recover any benefits from them."

To the same effect see *Darby v. City of Wilmington*, 76 N. C. 133.

The plaintiff's assignor not being an officer *de jure*, his right to recover the three months' salary covered by the warrant must be denied.

The judgment of the court below is reversed and a new trial ordered.

DOSTER, C. J., POLLOCK, J., concurring.