F. M. HUBBELL *et al.* v. THE CITY OF SOUTH
HUTCHINSON.

**No. 12,540.** ( 68 Pac. 52.)

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS— *Warrants—Limitation of Action.*
The statute of limitations will not begin to run in favor of a city
on its outstanding warrants until it has money in its treasury to
satisfy such obligations.

2. ——— *Payment Refused by Treasurer—City Estopped.*
Where a city treasurer refuses to pay warrants for the want of
funds, the city is thereafter estopped to assert that at such time
there were funds in the treasury for the payment thereof, and
thus invoke the statute of limitations.

3. ——— *Misrepresentations by Officers—Estoppel.* If a city,
by the promises and misrepresentations of its officers, induces one
holding its warrants to permit them to remain uncollected until
the cause of action on the debt is barred, it is thereafter estopped
to deny the validity of such warrants on the ground that they
were not issued in pursuance of an ordinance appropriating money
to the payment thereof.

4. ——— *Invalid Warrants—Burden of Proof.* In an action
on city warrants issued for current expenses, where it is admitted
that the warrants were signed by the mayor and clerk and that
the city received full consideration therefor, and the defense is
that the warrants were not issued in pursuance of an ordinance
previously passed appropriating money to the payment thereof,
the burden is upon the city affirmatively to show that no such
ordinance had been passed.

Error from Reno district court; M. P. SIMPSON,
judge. Opinion filed March 8, 1902. *In banc.* Re-
versed.

*Prigg & Williams, Hammers & Foulke,* and *Milton*
*Brown,* for plaintiffs in error.

*D. W. Dunnett, Geo. A. Vandeveer,* and *F. L. Martin,*
for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiffs in error sued the defend-
ant in error in the district court of Reno county to re-
cover upon fourteen city warrants issued during the
months of November and December, 1888.   The de-
fendant pleaded two defenses : (1) The statute of
limitations ; (2) that the warrants were not issued in
pursuance of an ordinance previously passed appro-
priating money to the payment thereof, and therefore
created no liability against the city.   The second de-
fense was verified.   The cause was tried by the court
without the intervention of a jury, and judgment ren-
dered for defendant, from which the plaintiffs have
prosecuted error to this court.

This action was based upon certain written obliga-
tions and, in the absence of intervening circumstances,
would become barred within five years from the date
of their issuance.   It is the settled law of this state,
however, that the statute of limitations does not run
in favor of a municipal or *quasi*-municipal corporation
upon its outstanding obligations until the corporation
has provided a fund with which payment thereof may
be made.   (*School District v. Bank*, 63 Kan. 668, 66 Pac.
630, and cases there cited ; *Miller v. Haskell County*,
post, 66 Pac. 1084.)

The warrants in question were issued, presented for
payment and registered for want of funds in Novem-
ber and December, 1888.   In April, 1889, the city is-
sued a call for these and other outstanding warrants,
notifying the holders that no interest would be paid
on any warrants after March 16, 1889, which had been
issued prior to February 1, 1889.   Pursuant to this
call the plaintiffs forwarded their warrants to the city
treasurer for payment.   On May 10, 1889, the city

treasurer wrote the plaintiffs that their letter enclosing their warrants had been received, but that the records of the city had been so imperfectly kept that it was difficult to know just what its indebtedness was; that the call for outstanding warrants had brought in more than the city had money to redeem; that the council would make arrangements to pay their warrants as soon as possible, and until it could make such arrangement it had authorized him to say that the city would allow the same interest as if they had not been called in.   This was a refusal to pay for want of funds.   On May 27, 1889, the city council instructed the city clerk to inform the plaintiffs that it would issue bonds to them for their warrants; on May 28, 1889, the city treasurer wrote the plaintiffs that the city had accepted their proposition to pay seven per cent. on their warrants until it was able to pay.   These warrants were presented for payment May, 1889, also in the spring and fall of 1892, and again on June 6, 1896.   Five years not having intervened between the dates of presentation, or between the last presentation and the bringing of this action, the causes were not barred under the rule adopted by this court in the cases above cited.

It appears that, while these warrants were outstanding, the city treasurer collected and disbursed funds in the payment of warrants subsequently issued sufficient to have paid these.   In view of this fact, it is contended that the statute commenced to run against the warrants in question at the time this fund was on hand, and, this having occurred more than five years prior to the time this action was commenced, the causes were barred, notwithstanding the city treasurer had denied, each time these warrants were presented, that there were funds in his hands which could be ap-

plied to their payment. We do not assent to this proposition. The treasurer, while acting within the scope of his office, was the agent of the city, and his misrepresentations as to the funds on hand, as between the plaintiffs in error and the city, were the misrepresentations of the city. There is no way by which the holder of outstanding obligations of a city may know whether there are funds on hand to discharge its obligations other than to apply to its treasurer. The law directs this course. A city cannot relieve itself of its debts by the misrepresentations or wrongful or fraudulent acts of its officers. This action was commenced on July 13, 1896, within five years from the time the warrants were last presented for payment and payment refused for want of funds. The causes of action are not, therefore, barred by the statute of limitations.

These warrants were in small amounts and were issued for the current expenses of the city—many of them for labor. It appears that the question of raising money to pay them was a subject of frequent consideration by the council, extending over two or three years, and that various methods were suggested—among others, the issuance of bonds. No question of their invalidity was raised until the plaintiffs' cause of action on the debt was barred, and not until more than seven years after their issuance. A city, in the exercise of its *quasi*-private or corporate powers, is governed by the same rules and is liable to the same extent as private corporations. (*Freeman v. Chanute*, 63 Kan. 573, 66 Pac. 647; *The State v. Water Co.*, 61 id. 561, 60 Pac. 337; *The State, ex rel., v. Hunter*, 38 id. 582, 17 Pac. 177; *Maxmilian v. Mayor*, 62 N. Y. 164, 20 Am. Rep. 468.) If, by the promises of payment or other misrepresentations, the city in-

duced plaintiffs to hold these warrants until their action was barred on the debt, it is estopped to plead the invalidity of the warrants.   It was admitted by the city that the warrants were signed by the then mayor and city clerk of said city, and that the city had received full consideration therefor.   This made a *prima facie* case for the plaintiffs.   If the warrants were irregularly issued or issued without authority of law, the burden was upon the defendant city affirmatively to show these facts.   This it undertook to do by introducing the city ordinance book and the ordinances therein from 1 to 65, inclusive, except eight which appear not to be in the book and which were not offered in evidence.   This did not meet the requirements.   There is no proof that these eight ordinances did not include those which the city contended were never passed, and there is no proof that those introduced were all the ordinances, except the eight, passed by the city.   The city had the power to contract the debts for which the warrants were issued, and to issue warrants as evidence of such indebtedness.   Every presumption is in favor of its having exercised that power in the manner prescribed by statute, and, as it does not affirmatively appear that it was not so exercised, the city failed to prove this defense.

The judgment of the court below is, therefore, reversed and a new trial ordered.

All the Justices concurring.