JOSEPH VAN AUKEN v. GARFIELD TOWNSHIP.

No. **13,035.**    ( 72 Pac. 211.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT — *Service of Case-made.*  The court or judge, in fixing the time within which a case may be served, is not limited to one extension.

2. MUNICIPAL INDEBTEDNESS — *Effect of Succession — Obligation Defined.*  The obligation resting upon a municipality which is the legal successor of a former one covering the same territory, and which has received the assets of such other, is neither statutory nor implied, within the meaning of those terms as used in the statute of limitations, but is an obligation identical with that which rested upon the original organization, and no right which a creditor has as against the original municipality is less against its successor.

Error from Finney district court ; WILLIAM EASTON HUCHISON, judge.  Opinion filed April 11, 1903.  Reversed.

*Sutton & Scates*, for plaintiff in error.

*Milton Brown*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : A motion to dismiss this action has been filed by the defendant in error, based upon the claim that there is no power in the trial judge to extend the time for making and serving a case after the first extension.   By section 548 of the code of civil procedure ( Gen. Stat. 1901, § 5034 ) it is required that the case be served within three days after the judgment or order is entered.   By section 549 ( Gen. Stat. 1901, § 5035 ) the court or judge is permitted to extend the time for making and serving a case.   The contention is that this means that the three days' limit found in section 548 is "the time," and only time, which may be extended, and, having been once extended, no power remains for a further extension.   This interpretation calls for a very technical construction of the statute, which is not warranted either by its language or the universal practice of the courts.

By the judgment of this court ( *The State, ex rel., v. Comm'rs of Garfield Co.*, 54 Kan. 372, 38 Pac. 559) Garfield county was disorganized.   It had for some years prior thereto been a county *de facto*, exercising all the functions, and possessing all the machinery, of a *de jure* organization.   Chapter 98, Laws of 1893, erected the territory formerly known as Garfield county into a municipal township and attached it to Finney county.   This act specially provided that the indebtedness theretofore created by the organization known as Garfield county should not become a liability of Finney county, and that the same territory should nowise become liable for any of the indebtedness theretofore created by Finney county ; but the act did not in terms make Garfield township liable for the indebtedness created by Garfield county.

This action was brought more than seven years after the disorganization of Garfield county, and was based upon 238 of the county warrants issued by it. These warrants were presented to the treasurer of Garfield county, and payment thereof refused for want of funds, and were registered in the order of their presentation as required by law. By the act of 1893, heretofore referred to, all of the records of Garfield county were required to be delivered to the proper officers having custody of similar records in Finney county. The petition contained the following allegation as to each and every one of the causes of action :

"That said Garfield county, after the issuance of said warrant, at all times neglected and refused, by levy of taxes or otherwise, to provide for the payment of said warrant or any part thereof ; that said defendant, Garfield township, has at all times during its existence neglected, and now does neglect and refuse, by levy of taxes or otherwise, to provide for the payment of said warrant or any part thereof ; that no taxes have ever been levied by said township or the officers thereof for the purpose of paying the warrant indebtedness of said Garfield county ; that said township has attempted to repudiate the warrant indebtedness created by said Garfield county, and has repudiated the warrant issued to  .  .  .  and ignores all the warrant indebtedness created by said Garfield county."

Issues were joined upon this petition by answer and reply. The issues thus made coming on to be heard, the defendant objected to the introduction of evidence under plaintiff's petition on the ground that the facts stated were not sufficient to constitute a cause of action, and that it affirmatively appeared that the statute of limitations had run in favor of the township, as the successor of Garfield county, against the alleged liability. These objections were sus-

Van Auken v. Garfield Township.

tained, and the questions now at bar arise upon the sufficiency of the allegations of the petition.

That the five-year statute does not bar the action, if it is based upon these warrants as such, has already been decided by this court. ( *School District v. Bank,* 63 Kan. 668, 66 Pac. 630; *Hubbell v. South Hutchinson,* 64 id. 645, 68 Pac. 52.) No reasons exists for adding argument to these cases. It is claimed, however, that the liability of Garfield township for the obligations resting upon Garfield county does not arise upon the written warrants issued by Garfield county, but upon the legal relation which Garfield township sustains to the defunct organization known as Garfield county, by reason of its being the legal successor of such defunct organization; or, stated in another way, that this obligation is under, and by virtue of, the Laws of 1893, and hence a statutory one; or that it rests on the fact that it is the legal successor of Garfield county, hence its obligation to pay claims upon Garfield county is an implied one. In either of these cases another period of limitation and a different rule of ascertaining the commencement of the limitation would prevail than if the action were based upon the warrants themselves. We are not disposed to adopt either of these views. The obligation is not a statutory one, for the only statute that refers to that matter at all — that of 1893 — does not purport to create any obligation whatever. In one sense of the word, the obligation of the township is an implied one. It comes upon it because it is the successor, and has received the assets, of Garfield county. While the municipal name has been changed, the territory and people remain the same. Neither entity has been changed by the change of the name. The change of name would not serve to change the nature or character of the existing obli-

gations.    Essentially, the same municipality must respond to the same obligations.    If we should grant the contention of the defendant in error, it might be, had the three-year statute run before the readjustment occurred, that the creditor would find himself confronted with the bar as to the new organization when none existed as to the old.

Again, the defendant in error claims that as these warrants had been presented to, and registered by, the officers of the defunct county organization, and as the books evidencing such transaction had been turned over to like officers of Finney county, and the township officers of Garfield township were not informed of the existence of this indebtedness, therefore, they were not required to make provision for its payment by the levy of a tax, so that the principle announced in *School District v. Bank*, supra, and *Hubbell v. South Hutchinson*, supra, would not apply ; that it was the duty of the holder of these warrants, if he desired to put Garfield township in default and stop the statute from tolling his claim as against the township, to present them to the township officers and request their payment.    What has already been said as to the nature of these obligations, as against the township, would seem to settle the question.    If the nature and character of these claims were none other or different against the township than they were, or had been, against its predecessor, the defunct county, the township took upon itself the burdens of the county along with its assets, and took such burdens as they were, not enlarged, not lessened.    No right which the creditor had against the county was less as against the township.    The creditor, having presented his claims against the county for payment and registration, acquired certain rights, the duty to discharge which came upon the township, and of the existence of which

the proper officers of the township must take notice. They well knew where the books could be found which would give them full information concerning these obligations. As supporting the several phases of the foregoing views, see the well-reasoned cases of *Broadfoot v. Fayetteville*, 124 N. C. 478, 32 S. E. 804, 70 Am. St. Rep. 610; *Board of Comm'rs v. Clarke & Courts*, 70 Pac. (Okla.) 206.

It is further suggested that the quoted allegation of the petition shows that these claims were unpaid, not simply because no provision had been made for their payment by the assessment and collection of taxes, but that the obligation to pay at all had been repudiated and denied, and, therefore, the statute of limitations, which would not run under the former condition, would run under the latter, and had barred the action on these claims. If the theory contended for was correct, which we are not called upon to decide, it would not apply here, because the petition does not show when such repudiation and denial took place. The bar of the statute must affirmatively appear.

Again, it is urged that nearly all of the warrants counted upon are not valid claims under the law, as ruled in *Garfield Township v. Crocker*, 63 Kan. 272, 65 Pac. 273, being for the compensation for the services of *de facto* officers. We are unable to tell how many or which, if any, are invalid under the rule. If any of them are good, then the court erred in sustaining the objection. Which are good and which bad will be a subject for further consideration.

The judgment of the court below will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.

MASON, J., not sitting, having been of counsel in the court below.