THE BOARD OF COUNTY COMMISSIONERS OF THE COUN-
TY OF SEWARD V. ALBERT A. SHEPHERD, *as Execu-
tor, etc.*

No. 13,986.   (80 Pac. 36.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*County Warrants.*   Where county
warrants have been presented for payment, refused for want
of funds, registered, numbered, and indorsed, as required by
statute, and thereafter the treasurer publishes a call for
such warrants, and the county pleads the call and the statute
of limitation tó an action commenced by the holder of such
warrants more than six years after the publication of such
call, it is *held*, that the answer pleads a complete defense.

Error from Seward district court; WILLIAM EASTON
HUTCHISON, judge. Opinion filed March 11, 1905. Re-
versed.

*Lee Harvey*, for plaintiff in error; *Thomas A.
Scates*, of counsel.

*A. T. Bodle, sr.*, for defendant in error; *L. M. Hall*,
of counsel.

The opinion of the court was delivered by

GREENE, J.: The county prosecutes this proceeding
to reverse a judgment obtained against it on thirteen
warrants, all issued in March and April, 1888, except
one, which was issued in October, 1887. Soon after
the issuance of each of the warrants it was presented
for payment, and indorsed "not paid for want of
funds," and numbered and registered. Their numbers
are all below 1000. The county admitted their issu-
ance, but for a third defense answered as follows:

"For a third and further defense, and as applying
to each and every of the thirteen counts or causes of
action sued on in plaintiff's petition, defendant alleges
that said warrants or county orders so sued on in each
of said counts are barred by the statute of limitations,
for that each of said warrants shows upon its face that

it was issued and registered in the year 1888, and that the registration number to each and every of said warrants in said thirteen counts or causes of action is under register number 1000, and that on the 5th day of January, 1894, there was in the hands of the county treasurer of Seward county, Kansas, funds to pay said warrants, and said warrants were called for payment on said date, as is shown by the copy of the call of the treasurer of Seward county, Kansas, which is hereto attached and made a part hereof."

The call was as follows:

"LIBERAL, KAN., January 5, 1894.
"I will pay in cash, upon presentation, all Seward county warrants up to and including No. 1000. Interest to cease at this date.          P. F. VESSELS,
                                                    *Treasurer."*

To this defense the court sustained a demurrer. This is the principal ground of error contended for by plaintiff in error.

This action was commenced July 7, 1900, so that more than five years had elapsed between the time the alleged call was made and the bringing of this action. Under section 6011, General Statutes of 1901, it is the duty of the treasurer, when a warrant is presented, either to pay it or register it and indorse thereon a proper number in the regular order of its presentation and the words "presented and not paid for want of funds," with date, and sign the indorsement.

Section 6012, General Statutes of 1901, provides:

"It shall be the duty of any treasurer, whenever any money comes into his hands by virtue of his office, to set apart a sufficient sum to pay any or all warrants that have been registered in compliance with the provisions of this act, and to keep the same until called for; and it shall be the duty of every county . . . treasurer to publish in the official county paper, . . . between the first and fifteenth days of February and August in each year, a call for the redemption of such warrants as he can pay, describ-

ing the warrants by giving their issue number, register number, and amount; and interest shall cease on each of said warrants on and after such publication."

The statute of limitation commenced to run against all warrants designated in the call when the call was published, and, in the absence of any condition or circumstance which would toll the statute, an action would be barred after five years.

Counsel for defendant in error contends that this case falls within *Miller v. Haskell County,* 66 Kan. 730, 66 Pac. 1084, and *School District v. Bank,* 63 Kan. 668, 66 Pac. 630. Neither of these cases applies to the question raised by the demurrer to the answer. In the first case it was shown that the funds which had been set apart for the payment of the warrants, after the publication of the call, had been by the county treasurer deposited in a bank designated as a county depository, and that in March, 1894, and before the expiration of five years from the date of the call, the bank became insolvent and the money thus deposited was lost to the county, and thereafter there were no funds in the hands of the treasurer to pay the warrants. In the second case it appears that at no time after the creation of the debt had there been any money in the treasurer's hands applicable to the payment of the warrants. The statute referred to requires the treasurer to set apart and keep the money on hand until called for by the holder of the warrants.

The only contention of the defendant in error is that the answer did not plead that the money was kept on hand during all of the time. The law presumes that the officer performed his duty in this respect, and that the money was kept on hand, at least until an action on the warrants was barred by the statute of limitation.

The judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.