[No. 8535.]

## ARNOLD V. HILTS.

1. CONSTITUTIONAL LAW—*Article XX—County Offices.* By the adoption of article XX, and the formation of the City and County of Denver, the office of County Assessor immediately terminated. But by reason of the false doctrine announced in *Johnson's* case (34 Colo. 143), it apparently con-

tinued in legal existence until by the judgment in *People v. Cassiday,* 50 Colo. 503, the Constitution was restored to its original integrity. The incumbent, in the interval, was at best no more than a *de facto* official. (10.)

2.   PUBLIC OFFICER—*De Facto.*   A mere *de facto* officer, is not, as against one holding *de jure,* entitled to the emoluments of the office. (10.)

3.   JUDGMENT—*Controlling Effect.*   A judgment never reversed or superseded is conclusive as to whatever is therein determined. (11.)

*Error to Denver District Court.*   Hon. JAMES H. TELLER, Judge.

Mr. JOSHUA GROZIER, for plaintiff in error.

Mr. FRED W. PARKS, for defendant in error.

Mr. Justice BAILEY delivered the opinion of the court.

The plaintiff in error was elected to the office of County Assessor in November, 1910. Defendant in error was appointed to the municipal office of Assessor on December 14th, 1911, by the mayor, and immediately qualified as such. Plaintiff in error seeks to recover from the defendant in error salary which was paid the latter as assessor of the City and County of Denver, from December 14th, 1911, until his retirement from office, February 23rd, 1912, alleging and contending that he, and not defendant in error, was during such time the Assessor, and entitled to such salary.

There is no dispute as to the facts, and but two questions are presented for consideration and determination: First. Was Arnold the *de jure* Assessor, and therefore entitled to collect the salary in question? and Second. Are the questions involved *res judicata?*

In *People v. Cassiday,* 50 Colo. 503, 117 Pac. 357, it was declared that by the adoption of article XX of the Constitution, and the formation of the municipal corporation of the City and County of Denver, all county offices and all county officers, as such, within that territory were abolished, except as affected by the decision of this court in *People ex*

*rel. v. Johnson,* 34 Colo. 143, 86 Pac. 233, the holding in the latter case being held erroneous in the *Cassiday* case. It necessarily follows that upon the adoption of that constitutional amendment and the formation of the City and County of·Denver, the office to which Arnold claims to have been elected instantly terminated, but by reason of the erroneous decision in the *Johnson* case, *supra,* such office apparently legally existed until the subsequent declaration of this court in the *Cassiday* case, *supra,* which gave full vigor and effect to the Constitution. Therefore, when the *Cassiday* decision became effective, which was November 23rd, 1911, it was a judicial pronouncement that the office of County Assessor, which had apparently been in existence up to that time, had been abolished. The general rule is that whenever the office ceases to exist the rights of the incumbent terminate. 29 Cyc., pages 1390, 1391, and cases cited.

It is therefore plain that Arnold, under the state of facts existing at the time Hilts was appointed and qualified, at best was nothing more than a *de facto* officer of a municipal office. This was in effect held in *Arnold v. Hilts,* 52 Colo. 391, 121 Pac. 753, Ann. Cas. 1913 E. 724. The office to which Arnold had been elected and of which he was the *de jure* officer was abolished by constitutional amendment, and with the office went the *de jure* officer and his. rights terminated. 29 Cyc., 1393. It is settled law that only a *de jure* officer can recover salary. It being clear that Arnold was not such officer, he can therefore in no event recover herein. Throop on Public Officers, secs. 510, 661, 662; *Matthews v. Supervisors,* 53 Miss. 715, 24 Am. Rep. 715; 29 Cyc., 1393; *Stott v. City of Chicago,* 205 Ill. 281, 68 N. E. 736; *Garfield v. Crocker,* 63 Kan. 272, 65 Pac. 273, citing cases; *People v. Tieman,* 30 Barbour, 193.

After surrender of the office to Arnold, which Hilts did under the opinion of this court in *Arnold v. Hilts, supra,* he began a suit in *quo warranto* in the District Court of the

City and County of Denver, to have the question of title to the office determined. In that suit the District Court found that Hilts was the lawful Assessor of the City and County of Denver, and that Arnold had no right or title to the office. That judgment has never been reversed or suspended, but is to this day in full force and effect, and whether right or wrong is controlling in this case on the question of *res judicata*. A writ of error was sued out to that judgment from this court and the case brought here. Supersedeas was denied to that part of the judgment that declared Arnold not the assessor, and was granted to the judgment so far as it adjudged Hilts to be the Assessor of the City and County of Denver, and entitled to the possession of the office, upon the filing of a bond in the sum of $250. But this court takes judicial notice of the fact that no such bond was ever filed, and that thereafter that cause was dismissed by this court for failure to prosecute, leaving the judgment which declared Hilts to be the *de jure officer*, and ousting Arnold from office, in full force and effect.

Both propositions involved must therefore be determined in favor of Hilts, and the judgment affirmed.

*Judgment affirmed.*

Chief Justice GABBERT and Mr. Justice WHITE concur.