No. 23,667.

THE CENTRAL TRUST COMPANY, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRANT, *Appellee.*

SYLLABUS BY THE COURT.

MUNICIPAL BOND—*Action on Bond Coupons—Statute of Limitations.* The rule that the statute of limitation does not run upon a municipal debt payable only out of a particular fund until that fund has been created does not apply to bond coupons made payable at a stated time, although issued under a statute requiring annual levies to be made sufficient to meet the interest.

Appeal from Grant district court; CHARLES E. VANCE, judge. Opinion filed April 8, 1922. Affirmed.

*Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellant.

*H. W. Stubbs,* of New Ulysses, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Central Trust Company sued Grant county upon thirty-four coupons of a bond issued by the county in 1890 under the general statute authorizing counties and other municipalities to refund their indebtedness. (Gen. Stat. 1915, §§ 642-652.) The case was heard upon an agreed statement of facts. Recovery was denied upon all the coupons which were by their terms payable more than five years before the action was brought. The plaintiff appeals from this ruling.

The plaintiff invokes the rule that where a municipal obligation is payable only out of a particular fund the statute of limitation does not begin to run thereon until the fund has been provided (17 R. C. L. 763; 25 Cyc. 1103), which it contends is applicable here. The cases announcing this rule and illustrating its application are quite fully collected in notes to the texts cited. Almost without exception they involve either warrants as distinguished from bonds or bonds affected by peculiar circumstances. In the leading and often cited case of *Lincoln County v. Luning,* 133 U. S. 529, the instruments sued upon were bonds and coupons, but because of default in meeting the interest the legislature had made a new provision for their payment, requiring the coupons to be registered and paid in the order of their presentation as money should

be raised for the purpose. This gave them the character of warrants and made them subject to the same treatment. A warrant is an order on the treasury ordinarily payable as it is reached in turn and in one sense it does not mature until that time, even where by its terms the treasurer is directed to make payment by a specified date out of funds raised or appropriated for the purpose. (*School District v. Bank,* 63 Kan. 668, 66 Pac. 630.) This court has decided that the rule that the statute of limitation does not begin to run against municipal warrants which are payable in the order of their registration until a fund has been provided for their payment, does not apply to bonds and coupons. (*Schoenhoeft v. Kearny County,* 76 Kan. 883, 92 Pac. 1097.) The plaintiff undertakes to distinguish this case from that cited on the ground that here the statute provides for the levy of an annual tax to pay interest while there the statute was silent as to the method of payment. We do not regard the distinction as affecting the question before us. A statute which authorizes a municipality to issue bonds, without expressly providing means for their payment, by implication requires it to raise a sufficient amount by taxation to meet the interest as it falls due. "It cannot have been contemplated by the legislature that bonds should be issued on which a payment should be due before means could be provided to meet it. In the absence of an express provision on the subject it could readily be inferred that the intention was for a tax levy to be made in time to prevent a default." (*The State, ex rel., v. Stewart,* 107 Kan. 434, 436, 191 Pac. 269.) The statute here involved makes elaborate provision to insure the levy of a sufficient tax each year to pay the coupons at maturity, but if no tax should be levied at all, or the levy made should prove inadequate, there can be no doubt of the power of a court to compel a later levy or levies adjusted to the capacity of the municipality, such as finally to bring about a payment in full. It is true that a fund raised by taxation for another purpose could not be used to pay the coupons sued upon (Const., art. 11, § 4), but this is equally true with respect to any public debt. The surplus of other funds, and moneys obtained otherwise than from taxes, could be so applied. (*The State v. Butler County,* 77 Kan. 527, 537, 94 Pac. 1004.) Nor is any objection apparent to a single levy being made covering several series of bonds of the same character.

These excerpts from recent opinions appear to bear upon the point under consideration:

"It is insisted on behalf of the defendant in error that the statute of limitations is inapplicable to the case, and has never commenced to run against any of the coupons here involved for the reasons, as claimed by counsel, that the bonds . . . are not general obligations of the district, but are payable only out of a nonexisting 'particular fund' and 'amount in effect, if not in terms, to a promise on the part of the district to pay the principal and interest of the bond at the dates therein mentioned, provided the fund out of which the payment is to be made shall have been collected.' . . . They [the bonds in question] were required to contain, and did contain, an absolute promise to pay to the bearer of them certain sums of money at certain specified dates, with interest thereon at a certain specified rate, with appropriate interest and installment coupons annexed thereto. Neither on their face nor in the statute authorizing their issue is there any condition attached to their payment, nor, in our opinion, any provision in either from which any such condition can be implied. True, each bond recites that 'all the said bonds and the interest thereon are to be paid by revenue derived from an annual tax upon the real property of the district,' and that both such tax and the bonds are by the act under which the latter were issued made a lien upon all of the real property of the district; but that is very far from saying that the taxes so to be levied and collected should constitute a particular or special fund out of which only the principal and interest due upon the bonds should be paid." (*Rialto Irr. Dist. v. Stowell*, 246 Fed. 294, 301, 302.)

"If it can be said that these bonds and coupons were to be paid out of a 'particular fund,' within the meaning which plaintiffs seek to ascribe to the remarks of the Supreme Court in *Lincoln County v. Luning*, then it can be said with equal force that any municipal bond, for the payment of which the statute provides for the creation of a sinking fund or other fund to be raised by general taxation, without limiting the right to sue on the bonds before the fund is created, is a 'particular fund,' and hence, in any such case, the statute of limitations would not apply to a suit on the bonds, where the municipality had neglected to assess the taxes necessary to meet the bonds. But that would be contrary to the general rules that suit may be instituted on municipal bonds and coupons when they mature, and that the statute of limitations begins to run from the date when the cause of action accrues; it would also seem to be at variance with that line of federal authorities which hold that, before mandamus will issue to compel the assessment of a tax, a bondholder must obtain a judgment on the bonds. . . . As the bonds and coupons in suit were payable at stated times, and as the statute which authorized their issuance provided, as the ultimate means for their payment, for the raising of money in the ordinary way, by the levying and collection of taxes, I am unable to perceive any reason why the general rule that a cause of action arises on such bonds and coupons at the dates of their maturity respectively, does not apply." (*Smythe v. Inhabitants of New Providence Tp.*, 253 Fed. 824, 830, 831.)

The judgment is affirmed.