STATE ex Rel. DeKALB, Respondent, v. FERRELL, County Treasurer, Appellant.

(No. 7,698.)

(Submitted June 19, 1937. Decided July 10, 1937.)

[70 Pac. (2d) 290.]

*Mr. J. E. McKenna,* and *Messrs. Gunn, Rasch, Hall & Gunn,* for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

*Mr. H. Leonard DeKalb, pro se,* submitted a brief, and argued the cause orally.

HONORABLE S. E. PAUL, District Judge, sitting in place of MR. CHIEF JUSTICE SANDS, disqualified, delivered the opinion of the court.

Relator, as the sole surviving member and liquidating agent of Belden & DeKalb, a copartnership, instituted this action November 18, 1936, against the defendant as county treasurer of Fergus county, for the purpose of compelling the payment, by

writ of mandate, of a warrant issued by the Judith Basin Irrigation District on February 9, 1925, for the sum of $600. The warrant, by its terms, is payable out of the maintenance fund of the district, and was presented for payment on February 11, 1925, and not paid for want of funds, and an indorsement to that effect was made on the face of the warrant by the then county treasurer.

Upon the filing of the affidavit by the relator an alternative writ was issued, and in response thereto the defendant county treasurer filed his answer, admitting all of the statements and allegations contained in the affidavit, and by way of a further answer, and as an affirmative defense, alleged that the cause of action stated in the affidavit is barred by the provisions of sections 9029 and 9041 of the Revised Codes of 1935. After trial, a judgment in the nature of a peremptory writ was granted, commanding the defendant to pay the warrant, and the appeal is from that judgment.

From the pleadings and proof it appears that the board of commissioners duly levied an assessment against all lands within the irrigation district for the year 1925, in an amount sufficient to take care of all maintenance fund warrants accrued at that time, and that levies were likewise made during subsequent years. All warrants drawn on the maintenance fund prior to June 14, 1924, have been paid, and warrants dated June 14, 1924, and subsequent thereto, including the warrant involved in this action, aggregating $1,185.31, have not been paid, notwithstanding the fact that there is on hand in the possession of the defendant the sum of $1,597.11, which funds came into the treasury on or about February 17, 1936, there having been no money in the maintenance fund during the period extending from June 14, 1924, to February 17, 1936. The funds now on hand are proceeds from the original levies made by the commissioners.

Before proceeding to dispose of the issue raised by the pleading of the statute of limitations, it is necessary to dispose of two other questions raised by the relator. First, he contends that the statute of limitations cannot be raised in a mandamus

action; and, second, that the appellant does not have the standing to raise the bar of the statute.

Section 9041, Revised Codes, provides: "An action for relief ▮ not hereinbefore provided for must be commenced within five years after the cause of action shall have accrued." In *State ex rel. Bennetts* v. *Duncan,* 47 Mont. 447, 133 Pac. 109, this court held that this section contains the only limitation applicable to mandamus proceedings, being a general provision applicable to all actions for which special provision is not otherwise made.

By the provisions of section 7239, Id., the county treasurer of the county wherein the office of an irrigation district is located, is made the custodian of all funds belonging to the district, and by the provisions of section 7249 such treasurer is required to properly divide into the respective funds, as set forth in the statute, the money that comes into his hands as such custodian. While it is true that the money belongs to the irrigation district, nevertheless where by statute the county treasurer is made the legal custodian of the district's money, and can only disburse such funds upon warrants or orders issued by the board, it would seem to follow that it would likewise be his duty to refrain from paying out any of the funds on claims which he in good faith believes to be invalid. The statute of limitations is by statute made a legal defense, and we conclude that such defense may be asserted by the defendant in this action. This brings us to a consideration of whether the cause of action is barred by the statute of limitations.

Appellant points out that by the provisions of section 7235, Revised Codes, it is made the duty of the board of commissioners, on or before the second Monday of July of each year, to ascertain the total amount required to be raised in that year for the general administrative expenses of the district, including the cost of maintenance and repairs, and the total amount to be raised that year for interest on, and principal of, any outstanding bonded or other indebtedness of the district, and to make a levy against each 40-acre tract in an amount sufficient to discharge such indebtedness, except where the administrative

expenses and expenses of repairs exceed $4 per acre, and he contends that if the levy made in 1925 for any reason was insufficient to provide ample funds to pay the maintenance fund warrants issued prior to the date of the levy, the relator could have maintained an action for a writ of mandate to compel a levy in the year 1926, and that his cause of action accrued not later than 1926.

In *Stagg* v. *Stagg*, 90 Mont..180, 300 Pac. 539, 542, this court ▮ held: ''The statute of limitations never commences to run until the cause of action accrues.'' There is a wide diversity of judicial opinion as to when a cause of action accrues on a warrant such as the one involved in this case. Numerous authorities are collated in 56 A. L. R., commencing on page 830. The two leading cases supporting appellant's theory, and upon which he chiefly relies, are the California case of *People ex rel. Webb* v. *Honey Lake Irr. Dist.*, 77 Cal. App. 367, 246 Pac. 819, and the Idaho case of *Little* v. *Emmett Irr. Dist.*, 45 Idaho, 485, 263 Pac. 40, 56 A. L. R. 822.

Appellant also asserts that the relator should have tolled the running of the statute by reducing his claim to judgment; but this would have been a useless and idle procedure, for as was said in *Morton* v. *Knox County*, (C. C.) 65 Fed. 369, 371: ''When warrants should be presented for payment, and the treasury be barren of money with which to make the payment, it would be a manifest injustice, the debt in nowise being disputed, to require the owner of the warrant, in order to maintain its life, to bring suit against the county, and thus not only perplex him, and dishonor the credit of the county, but also to involve it in needless expense and litigation.'' (See, also, *Greeley* v. *Cascade County*, 22 Mont. 580, 57 Pac. 274.)

The warrant involved is a written order directing the payment ▮▮ of a specified amount out of certain designated funds. It has no fixed maturity date. In *Potter* v. *New Whatcom*, 20 Wash. 589, 56 Pac. 394, 72 Am. St. Rep. 135, the court held that the statute of limitations did not commence to run until there was money in the treasury applicable to the payment of the warrants, and the holder had such notice as to enable him to

present them for payment. The court, quoting with approval from an earlier case (*Savings Bank & Trust Co.* v. *Gelbach,* 8 Wash. 497, 36 Pac. 467), said: ''A warrant  *  *  *  is a promise to pay it, in its order of issue, when money applicable to it comes into the treasury; and its maturity, by analogy with a note, is the time when the treasurer gives notice of his readiness to pay it, and stops the interest.''

The reasoning found in the opinion of the Oklahoma case of *Barnes* v. *Turner,* 14 Okl. 284, 78 Pac. 108, 109, 2 Ann. Cas. 391, 10 L. R. A. (n. s.) 478, approved and followed in *City of Sulphur* v. *State,* 62 Okl. 312, 162 Pac. 744, appears to us to be sound, logical, and the correct rule. Quoting from the *Barnes Case,* the court says: ''Now, when did, under these warrants, the right to demand payment thereof accrue? Was it immediately upon the issuing of the warrants, or was it when the fund from which said warrants were to be paid was in the hands of the proper officer for payment thereof? The payment of these warrants did not depend entirely upon the action of the holders thereof, but depended upon some affirmative action  *  *  *  of the officers of the city.  *  *  *  Now, can the officers of the city, when steps are taken which are necessary preliminaries to the collection of these warrants, be heard to take advantage of their own neglect of duty by saying that because we have not performed the duty as the law required of us and made the necessary levy to provide the fund for the payment of these warrants; that consequently, on account of our neglect, the statute of limitations has run against the holders of these warrants so as to prevent their collection?  *  *  *  From the foregoing it will be seen that the reason assigned by the courts in refusing to permit the statute of limitations to be pleaded as a bar to recovery in cases of this character arises out of the fact that the defendants were, under the law, required to do some affirmative act—that is, to levy a tax creating a fund for the payment of indebtedness and the taking up of warrants —and, if the warrant holder failed to present his warrant and secure the money thereon, the statute of limitations could be successfully interposed. But so long as there remained, under

the law, some act to be performed by the municipality, such municipality has not performed its duty under the law, and the courts will not and ought not to permit them to interpose their failure to act as by law required as a defense to the payment of a just obligation.''

And in *Kansas City Southern Ry. Co.* v. *First Nat. Bank of Heavener*, 171 Okl. 472, 43 Pac. (2d) 713, 714, the Oklahoma court quoted with approval from *Board of Commrs. of Greer County* v. *Clarke*, 12 Okl. 197, 70 Pac. 206, as follows: ''Where a warrant is issued by the officers of a municipal * * * corporation, and the creditor accepts the same relying on the ordinary modes of taxation to pay said obligation, the corporation cannot be heard to say, upon an action to enforce the payment thereof, that it is barred by the statute of limitations, without first pleading and proving that it has provided a fund for the payment of such indebtedness.''

In the instant case it appears that levies were made, but the duty still remained to collect such assessments, and neither the irrigation district nor the defendant, as custodian of the funds of the district, ought to be heard to take advantage of the district's failure to collect the levies made during 1925 and subsequent years.

Mr. Justice Morris, speaking for this court in *State ex rel. Clark* v. *Bailey*, 99 Mont. 484, 486, 44 Pac. (2d) 740, 743, in a case involving special improvement district bonds, said: ''The city treasurer is the custodian of all city funds, including those in special improvement districts, and he is charged by the statutes with the duty of calling such warrants (or bonds) as those involved here when funds are available. When the date of payment is uncertain and dependent on the call of the city treasurer, the statute of limitation does not begin to run until the 'call of the treasurer, or until the holder had an immediate cause of action.' [Citing cases.] When an agreement for the payment of money contemplates an indefinite delay in payment, the statute of limitations does not begin to run until actual demand has been made, or the happening of some event designated as the extreme limit of time for payment. [Citing cases.]

\* \* \* Necessarily the bonds heretofore paid must have been paid only when called by the city treasurer as provided by statute, and it logically follows that relator's bonds were not called, could not mature until called, and the statute of limitations could not begin to run until the bonds matured."

In *Blackford* v. *City of Libby*, 103 Mont. 272, 62 Pac. (2d) 216, 219, 107 A. L. R. 1348, Mr. Justice Stewart, in discussing the applicability of the statute of limitations in connection with city warrants, said: "The fund as it was accumulated was held by the city as a trust fund for the warrant holders. While it was not in the strict sense of the word an express trust, the rule, we think, with respect to the running of the statute of limitations in such cases has a reasonable and practical application. It has been very generally held that, as between the trustee and the beneficiary of an express and continuing trust, the statute of limitations does not run until the trust has been clearly and unequivocally repudiated, and until notice of such repudiation has been received by the beneficiary. [Citing cases.] This we consider merely an additional reason for holding that plaintiff's action herein was not barred by any of the statutes of limitation pleaded by defendant. As we have already indicated, the language of this court in the case of *State ex rel. Clark* v. *Bailey*, supra, is itself sufficient to dispose effectively of defendant's contentions regarding the application of the statute of limitations."

In view of the holding of this court in the *Bailey* and *Blackford Cases*, which is supported by what appears to us to be the majority rule in other jurisdictions, we hold that "a cause of action did not accrue," nor, "an event designated as the extreme limit of time of payment" occur until February, 1936, when funds became available for the payment of the warrant involved in this action, and, hence, that the statute of limitations cannot be successfully asserted as a defense.

The condition of the record impels us to notice another question. The pleadings admit that there is sufficient money in the maintenance fund to pay the warrant in question, and

the deputy county treasurer testified that there was sufficient money to pay all registered warrants and the warrant involved herein. The peremptory writ commands the payment of $600 and interest, which at the date of judgment amounted to $430.90, or a total of $1,030.90. Interest accrued since that date will further increase the amount. The amount in the fund is $1,-597.11. Prior registered warrants aggregate $585.21, exclusive of interest. With interest added, this amount will be increased to nearly $1,000. It is therefore obvious that there is insufficient money in the fund to pay all prior registered warrants and still comply with the writ. In *State ex rel. Blenkner* v. *Stillwater County*, 104 Mont. 387, 66 Pac. (2d) 788, 790, Mr. Justice Anderson, speaking of irrigation district warrants, said: "Warrants drawn on a treasurer are entitled to preference as to payment out of the moneys in the treasury properly applicable to such warrants according to the priority of time in which they were presented (sec. 4756), that is, priority of registration controls. Funds, after the registered warrants are called, are set aside for a period of 60 days thereafter, when, if not presented for payment, the funds may be applied in payment of warrants next in order of priority. (Sec. 4758.)" It does not appear from the record whether the prior registered warrants have ever been called for payment. Under the provisions of section 4754, it is made the duty of the treasurer to issue a call for the payment of registered warrants "when there are sufficient moneys to pay the warrants drawing interest." If no such call has been made, the treasurer should comply with the statute. If a call has been made and the prior registered warrants have not been presented for payment within sixty days, then the provisions of section 4758 would apply. In either event relator would be entitled to any balance remaining in the fund after the provisions of the foregoing sections of the statute have been complied with, up to an amount necessary to satisfy his demand, but in the present condition of the record he has not shown that clear legal duty on the part of the treasurer and his ability to comply with the writ which the law requires. In other words, it does not clearly appear that the treasurer can pay out over a thou-

sand dollars to relator and still have sufficient money on hand in the maintenance fund to pay the outstanding unpaid prior registered warrants with accrued interest.

The peremptory writ is annulled and the cause remanded to the district court for such further proceedings as are not inconsistent with this opinion.

Associate Justices Stewart, Anderson, Morris and Angstman concur.