**PYRAMID LIFE INS. CO. OF TOPEKA, KAN., v. ELLIS COUNTY DRAINAGE DIST. NO. I.**

**No. 2219.**

Court of Civil Appeals of Texas. Waco.

Jan. 18, 1940.

Rehearing Denied Feb. 8, 1940.

Howell & Jacobs, of Kansas City, Mo., and J. C. Lumpkins and Hancock & Hancock, all of Waxahachie, for appellant.

J. L. Gammon and Jack B. Eastham, both of Waxahachie, for appellee.

ALEXANDER, Justice.

The Pyramid Life Insurance Company, as the owner and holder of five negotiable bonds and the interest coupons attached thereto, issued by the Ellis County Drainage District No. 1, brought this suit against said Drainage District to recover on interest coupons Nos. 10 to 17, inclusive, clipped from each of said bonds. The interest coupons were payable one each year from April 10, 1930, to 1937, inclusive. The suit was filed on December 24, 1937. A trial was had before the court without a jury. Judgment was entered for plaintiff for such of the coupons as matured within four years prior to the filing of the suit; but recovery was denied on the coupons that had been due more than four years at the time suit was filed, on the ground that the same were barred by limitation. The plaintiff has appealed.

■ Revised Statutes, art. 5527, provides, in part, as follows:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

In Texas the rule is that the cause of action on interest coupons attached to bonds accrues on the due date of the coupon without regard to the due date of the principal of the bond, and that limitation begins to run from that date. City of Galveston v. Loonie, 54 Tex. 517; Rockwall County v. Roberts County, 103 Tex. 406, 128 S.W. 369. See also 37 C.J. 848, sec. 208.

Appellant apparently concedes the correctness of the rule above announced but

contends that it is inapplicable in this case because the levee improvement district, which was organized under the provisions of Articles 8097 to 8176 of the Revised Statutes, derives all of its funds from an ad valorem tax assessed against the property within the district, and said bonds and the interest coupons attached thereto are payable only out of the special fund so raised, and it is contended that the cause of action for recovery on said coupons did not accrue until funds had accumulated in the treasury sufficient to pay such coupons. In this connection, appellant asserts that the defendant failed to show that it had ever had on hand sufficient funds to pay the coupons in question, and hence it is contended that same are not barred by limitation.

■■ There is a line of authorities in which it is held in effect that where municipal obligations are payable out of a particular fund or in a particular manner, the statute of limitation does not begin to run until the particular fund has been provided. 37 C.J. 849, sec. 209; Board of County Commissioners of Oklahoma County v. Board of Finance of Methodist Episcopal Church, South, 10 Cir., 100 F.2d 766, and authorities there cited. An examination of such authorities, however, will disclose that such holding is generally based on the fact that the municipal obligation was not by its terms unconditionally due on a specified date, but the obligation to pay was made dependent on the happening of some future event. For instance, in City of New Orleans v. John G. Warner, 175 U.S. 120, 20 S. Ct. 44, 44 L.Ed. 96, the warrants were payable in the event there were funds in the treasury sufficient to pay same. In Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766, the coupons were payable as money came into the hands of the treasurer applicable thereto and in the order of their registration. Similar provisions limiting the due date of the obligations will be found in State ex rel. DeKalb v. Ferrell, 105 Mont. 218, 70 P.2d 290; Schoolfield v. School Dist. No. 1 in Custer County, 101 Colo. 56, 70 P.2d 353; Freehill v. Porter, 65 Cal. 603, 4 P. 646. Some of the cases cited by appellant do not make this distinction. See in this connection Board of Commissioners of Greer County v. Clarke & Courts, 12 Okl. 197, 70 P. 206; Barnes, Mayor v. Turner, 14 Okl. 284, 78 P. 108; City of Sulphur v. State ex rel. Lankford, Bank Com'r, 62 Okl. 312, 162 P. 744, 746; Denver-Greeley Valley Irrigation Dist. v. McNeil, 10 Cir.,

80 F.2d 929; Board of County Commissioners of Oklahoma County, Oklahoma v. Board of Finance of Methodist Episcopal Church, South, 10 Cir., 100 F.2d 766. However, a careful analysis will disclose that the rule when originally adopted in those states where it prevails was based on some provision of the obligation limiting the maturity thereof to the happening of some future event. 37 C.J. 850, notes 42 and 43; School Dist. No. 5 v. First National Bank, 63 Kan. 668, 66 P. 630. For a general discussion of the cases see Little v. Emmett Irrigation Co., 45 Idaho 485, 263 P. 40, 56 A.L.R. 822. Of course, where there is some condition precedent to the maturity of the obligation, limitation does not begin to run until the named contingency happens and the cause of action has accrued. 28 Tex. Jur. 139. Our statutes authorize levee improvement districts to issue bonds not to exceed in amount one-fourth of the assessed value of all real property within the district. R.S. art. 8127. Article 8131 provides that such bonds "shall bear interest at not exceeding six per cent per annum, payable annually or semi-annually. Such bonds shall by their terms provide the time, places, manner and conditions of their payment, and the rate of interest thereon, as may be determined and ordered by the court." Article 8136 provides that when the bonds have been issued "the Court shall annually levy and cause to be assessed and collected taxes upon all property within the district, whether real, personal or otherwise, and sufficient in amount to pay the interest on such bonds as it falls due, and to redeem such bonds at maturity. Such taxes when so collected shall be placed in the interest and sinking fund." Article 8141 provides that "The taxes authorized hereunder shall be a lien upon all property assessed therefor." By Article 8140 the tax assessor and collector is given the same powers in assessing and collecting the taxes of the levee district as is possessed in the collection of state and county taxes. Article 8144 specifically authorizes him to sell the assessed property in satisfaction of delinquent taxes. Article 8150 provides that the funds collected for the payment of interest and to provide a sinking fund shall be placed in a separate fund and paid out for that purpose only. The bonds here involved were issued in the manner authorized by the above statutes, and the coupons attached thereto were made payable unconditionally on April 10th of each year as authorized by Revised Statutes, art. 8131. There is nothing in any of

the statutes above referred to nor in the contract evidencing the obligation that limits the due date of the coupons to a time when funds had accumulated in the treasury sufficient to pay the same, nor is such due date otherwise limited in any respect.

It is apparent from what has been said that the several coupons became due on the respective dates provided for therein, at which time the cause of action accrued thereon, and that limitation began to run from such date.

The trial court therefore properly held that all coupons that were by their terms more than four years past due when the suit was filed were barred by limitation.

The judgment of the trial court is affirmed.