**Melvin LINTZ, Appellant,**

v.

**Eastman DILLON et al., Appellees.**

**No. 8084.**

Court of Civil Appeals of Texas, Beaumont.

May 18, 1978.

Rehearing Denied June 8, 1978.

Goodman L. Caplan, Arthur L. Forbes, Houston, for appellant.

Fred J. Knapp, Houston, for appellees.

DIES, Chief Justice.

Melvin Lintz sued Eastman Dillon, Union Securities & Co., and Sam Dodd for recission of a contract for the sale of Omnitec securities by Eastman Dillon to Lintz. Plaintiff sought recission on the basis of Tex.Rev.Civ.Stat.Ann. art. 581–33 A(1) for failure to register the securities, or on the basis of *art. 581–33 A(2)* because of untrue statements or omissions of material fact

made at the time of the sale.[1] Trial was to the court without a jury.

The court made findings of fact and conclusions of law that: (1) any cause of action based on art. 581–33 A(1) for failure to register the securities was barred by the three-year statute of limitations in art. 581–33 C; (2) neither Eastman Dillon nor Sam Dodd violated art. 581–33 A(2) because neither made an untrue statement or omission of material fact to Lintz; (3) if Dodd did make such false statements or omissions, this action was still barred by art. 581–33 C because Lintz did not sustain his burden of proving that prior to March 30, 1969, he could not have discovered such faults through the exercise of ordinary care; (4) if Eastman Dillon made false statements or omissions of material fact, this action was also barred by art. 581–33 C because Lintz did not sustain his burden of proving that prior to February 28, 1969, he could not have discovered such faults through the exercise of ordinary care; (5) the transaction was exempt from registration under the Securities Act of 1933, and; (6) Lintz was barred from recovery by the doctrine of laches. The trial court rendered judgment for the defendants, and Lintz instituted this appeal.

On February 14, 1969, Dodd, a stockbroker employed by Eastman Dillon, telephoned Lintz and recommended Omnitec securities as an attractive investment. This recommendation was based solely on a memorandum from Eastman Dillon's research department. Dodd had not seen a financial statement, balance sheet, or earnings record, nor was he aware of Omnitec's registration status when he recommended the purchase. Based on Dodd's recommendation, Lintz bought 1000 shares of Omnitec stock on a "when, as and if issued" basis, 500 shares at $12¼ per share, and 500 shares at $13¼ per share. This stock was sold to plaintiff by Eastman Dillon on its own account. The sale was confirmed by telephone on February 14, 1969, and by letter one or two business days later.

On March 3, 1969, the Omnitec stock was actually issued. The stock was not registered under the Texas Securities Act, nor under the federal Securities Act of 1933. Plaintiff paid defendant for the stock on March 28, 1969. Plaintiff commenced this action against Eastman Dillon on February 28, 1972, and joined Dodd as a defendant on March 30, 1972.

■ Appellee's first reply point argues that appellant's Points of Error are multifarious and in violation of Tex.R.Civ.P. 418. We agree with this contention. Appellant has four Points of Error, referring to a total of sixty-nine Specifications of Error contained in an appendix to the brief. These Specifications of Error are primarily "no evidence" and "insufficient evidence" points, and constitute appellant's actual substantive points of error. Appellant's Points of Error in the body of his brief are nothing more than conclusory statements, and reveal nothing by themselves about the basis of appellant's complaint. Point of Error No. 4 alone contains thirty-two "no evidence" points and twenty-four "insufficient evidence" points.

■ Although we strongly disapprove of this manner of briefing, we recognize that our briefing rules are to be liberally construed so as to allow litigants to concentrate their energies on the substance and not the technicalities of an appeal. We have been instructed by our Supreme Court to "pass on both the sufficiency and the merits of the 'point' in the light of the statement and argument thereunder." *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976); *Eoff v. Muskiet*, 561 S.W.2d 542 (Tex.Civ. App.—Beaumont 1977, writ ref. n. r. e.). We will apply this standard of review in our examination of appellant's brief.

■ Appellant argues in his first Specification of Error that the trial court erred in

---

1. Tex.Rev.Civ.Stat.Ann. art. 581–33 was substantially rewritten by the 65th Legislature. See Tex.Rev.Civ.Stat.Ann. art. 581–33 and Comment (Supp.1978). However, this action was tried under, and will be reviewed under, prior law. See Tex.Laws 1977, ch. 170, Sec. 2 at 348.

finding that appellant's claim under Tex. Rev.Civ.Stat.Ann. art. 581–33 A(1) for failure to register the securities was barred by the three-year statute of limitations, because the undisputed evidence establishes that the action was filed within three years after the "contract of sale." We agree with this contention, and accordingly reverse and render judgment for appellant.

The trial court found that the statute of limitations began to run on February 14, 1969, when appellant instructed Dodd to purchase 1000 shares of Omnitec on a "when, as and if issued" basis. Under this interpretation, the statute of limitations for failure to register the securities began to run more than two weeks before the securities were even in existence. This interpretation would conceivably allow the limitation period to run in its entirety before the obligation to register the securities ever arose.

We cannot accept such an analysis of the statute of limitations in art. 581–33 C, particularly in light of our Supreme Court's directive that since art. 581–33 "is remedial in nature it should be given the widest possible scope." *Flowers v. Dempsey-Tegeler & Co.*, 472 S.W.2d 112, 115 (Tex.1971). In *Flowers*, the question was whether or not the word "person" used in art. 581–33 included corporations. The Court held that it did, and noted that any other construction "would defeat the intention of the Legislature by permitting corporate securities dealers to sell unregistered securities to the public free of any fear from civil suits." (at 115) This same rationale is applicable in the present case, and leads to the conclusion that the statute of limitations for failure to register securities should not begin to run before the securities are in existence.

We must also point out that art. 581–33 was largely revised in 1977. Tex.Rev.Civ. Stat.Ann. art. 581–33 and Comment (Supp. 1978). With regard to the three-year statute of limitations applicable to art. 581–33 A(1) actions, the phrase "contract of sale" was changed to "sale." This change in language is not discussed in the Comment as being a substantive change in when the limitation period begins to run, and we believe that it is merely a clarifying change in language.

It is a well-established policy in Texas that a statute of limitations does not begin to run until a cause of action has accrued. *Atkins v. Crosland*, 417 S.W.2d 150 (Tex.1967); *Cox v. Clay*, 237 S.W.2d 798 (Tex.Civ.App.—Amarillo 1950, writ ref'd n. r. e.); *Puretex Lemon Juice, Inc. v. S. Riekes & Sons of Dallas, Inc.*, 351 S.W.2d 119 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.); *Lowery v. Juvenal*, 559 S.W.2d 119 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.). Where there is some condition precedent to the right of action, the cause of action does not accrue, nor the limitation period begin to run, until that condition is performed. 37 Tex.Jur.2d *Limitation of Actions* § 57 at 178 (1962); *Pyramid Life Ins. Co. v. Ellis County Drainage Dist. No. 1*, 136 S.W.2d 267 (Tex.Civ.App.—Waco 1940, writ ref'd); *Dunn v. Reliance Life & Accident Ins. Co.*, 405 S.W.2d 389 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); *Washington v. Martin*, 503 S.W.2d 330 (Tex.Civ.App.—Amarillo 1973, no writ). In the present case, the enforcement of any rights embodied in the February 14, 1969, agreement was conditioned upon the securities first being issued. On March 3, 1969, when the securities were issued, the parties' rights became enforceable, and their cause of action accrued. It was on that day that the statute of limitations began to run.

The trial court additionally found that appellant's action was barred by application of the doctrine of laches. We disagree with this finding. Our Supreme Court has stated in *Barfield v. Howard M. Smith Company of Amarillo*, 426 S.W.2d 834, 840 (Tex.1968) that:

"Generally in the absence of some element of estoppel or such extraordinary circumstances as would render inequitable the enforcement of petitioners' right after a delay, laches will not bar a suit short of the period set forth in the limitation statute."

The trial court found that Lintz's failure to make a demand or complaint to Eastman Dillon or Dodd prior to filing this action on February 28, 1972, prejudiced and injured the defendants. No specific finding was made as to how Eastman Dillon and Dodd were injured. Our examination of the record in this case, in keeping with the factual analysis in *Barfield*, supra, leads us to the conclusion that this is not a situation where the doctrine of laches should be used to reduce the statutory limitation period.

 Since the trial court found that the securities were not registered under the Texas Securities Act, and since he did not find that the securities were exempt from registration under the state act, though he did hear testimony on this point, we have no recourse but to reverse and render judgment for the appellant against the appellee, Eastman Dillon. Though this result may seem harsh in the case of an experienced buyer who watched the securities decline in value for nearly three years before filing suit, this outcome is evidently the clear intention of the Legislature under art. 581–33. Failure to register the securities is actionable *per se*, without regard to the particular knowledge or expertise of the individual buyer.

Dodd was joined as a defendant more than three years after the cause of action accrued, and the trial court properly found that the action against him for failure to register under art. 581–33 A(1) was barred by art. 581–33 C.

We therefore order that defendant Eastman Dillon pay to plaintiff Melvin Lintz a sum equal to $12,750.00, plus interest at the rate of 6 percent per annum from March 28, 1969, until May 20, 1977, and plus interest from May 20, 1977, at the rate of 9 percent per annum. We further order that plaintiff Melvin Lintz return the 1000 shares of Omnitec securities to defendant Eastman Dillon. All costs are taxed against the appellee.

REVERSED and RENDERED.

KEITH, Justice, dissenting.

The impact of the majority decision in this case will, in all probability, be minimal;[1] but, since I am of the opinion that it does violence to the jurisprudence of this state, I respectfully dissent.

I first point to the self-evident fact that plaintiff seeks to recover upon a cause of action which did not exist at the common law but is one created solely by statute. Thus, I invoke the rule enunciated in *State of California v. Copus*, 158 Tex. 196, 309 S.W.2d 227, 231 (1958):

"[W]here the statute creates a right and also incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural, and that unless suit is brought within the time allowed by statute no right of action can be maintained even though the law of the forum provides for a longer period of limitation. Stumberg, Conflict of Laws, 2d Ed. p. 150."

*Accord: Franco v. Allstate Insurance Company*, 505 S.W.2d 789, 792 (Tex.1974); *Francis v. Herrin Transportation Co.*, 432 S.W.2d 710 (Tex.1968); *Cohen v. C. H. Leavell & Co., Inc.*, 520 S.W.2d 793, 796 (Tex.Civ.App. —El Paso 1975, no writ). See also 51 Am. Jur.2d, *Limitation of Actions* § 15, *at 600 (1970)*.

I suggest that the opinion of the majority is in conflict with the holdings in the cases cited immediately above.

I dissent primarily because the majority has mistakenly applied a statute enacted in 1977 to a transaction which occurred in 1969. In so doing, the Court has permitted an "active and sophisticated trader" in the stock market to speculate at the defendants' risk for more than three years.[2]

As noted in the majority opinion, the parties entered into *a contract of sale on*

---

1. The 1977 amendment to the statute discussed hereinafter has cleared up the question presented by this case as discussed in this dissenting opinion.
2. It was stipulated that "Mr. Lintz was an active and sophisticated trader" in the stock mar-

ket, having accounts with eight or more brokers in Houston and even held a seat on the Chicago Board of Trade sometime prior to the events forming the basis of this suit.

*February 14, 1969*, whereby 1,000 shares of stock of Omnitec Corporation were sold to plaintiff on a "when, as and if issued basis." This suit was filed on February 28, 1972.

At all times material to this suit (including the transaction between the parties on February 14, 1969, to and including the entry of the judgment in the trial court on May 20, 1977), Tex.Rev.Civ.Stat.Ann. art. 581–33 A(1) (1964), under which plaintiff prosecuted and maintained his suit, had a limitation provision reading:

"C. No person may sue under Subsection A(1) of this Section 33 more than three (3) years after the *contract of sale*." (emphasis supplied)

The trial court found as a fact and concluded as a matter of law that this barred plaintiff's recovery.

The majority has now mistakenly applied the *current* or 1977 amendment of the blue sky law to this case which originated before it became effective. Effective August 29, 1977, the statute was amended so that Tex. Rev.Civ.Stat.Ann. art. 581–33 H (Supp. 1978) now reads:

"H. Statute of Limitations.

(1) No person may sue under Section 33 A(1) of 33 F so far as it relates to Section 33 A(1):

(a) more than three years *after the sale*; . . . ." (emphasis supplied)

The legislative change is simple but important. Limitations began to run under the statute governing this suit when the *contract of sale* was consummated—now the critical date is the sale.

The majority refuses to hold plaintiff to the language of the statute creating his cause of action. He could recover only if he brought his suit within three years "after the contract of sale." This was a condition precedent to his maintenance of his cause of action. If he sued within the time specified in the statute, he could proceed—otherwise his cause of action no longer existed.

There was a contract of sale entered into between the parties on February 14, 1969, although it was a conditional contract. The condition did not qualify the *existence* of the contract; rather, it constituted a condition precedent to defendant's obligation to pay the agreed purchase price therefor. See generally, *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976). See also *Delisle Construction Co. v. Schwarz-Jordan, Inc.*, 561 S.W.2d 619, 621 (Tex.Civ.App.—Beaumont 1978, application pending), and *Modine Manufacturing Co. v. North East Independent School Dist.*, 503 S.W.2d 833, 842–843 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.), and authorities therein cited.

The majority permits a sophisticated investor to sit by and watch while a stock gradually dwindles in value until it becomes worthless. He does so realizing that if it should appreciate in value, he can claim the gain; but, if it finally becomes worthless (as it did), he can get his money back with legal interest while he was speculating with defendants' money.

I would follow Chief Justice Williams in *Stone v. Enstam*, 541 S.W.2d 473, 478 (Tex. Civ.App.—Dallas 1976, no writ), wherein the original statute was applied. I decline to use the 1977 version of the statute of limitations to achieve a windfall for a plaintiff who speculated and lost; instead, I would affirm the judgment of the trial court.