**John David EOFF, Appellant,**

v.

**D. V. MUSKIET et al., Appellees.**

**No. 8024.**

Court of Civil Appeals of Texas.

Dec. 29, 1977.

Rehearing Denied Jan. 26, 1978.

Paul R. Lawrence, Houston, for appellant.

David J. Beck, Houston, for appellees.

KEITH, Justice.

Plaintiff appeals from an adverse judgment based upon a jury verdict in a suit involving an assault and battery. Plaintiff and several friends went to a restaurant in Houston late in the evening and stayed for the entertainment. During their visit they admittedly consumed a considerable amount of beer and the testimony is disputed only as to whether the plaintiff and his friends were actually in a state of intoxication or simply under the influence of intoxicating liquor.

As plaintiff was leaving the restaurant after closing time, an altercation broke out between plaintiff's group and two off-duty uniformed city policemen, Frank and Muskiet, in charge of the restaurant parking lot. In the ensuing fracas, plaintiff sustained injuries which necessitated treatment in the Veterans Hospital in Houston. A lengthy statement of the facts is not necessary to

our disposition of the case, it being sufficient to state that while many of the details of the events were disputed, the major dispute centered around the precise manner in which plaintiff sustained his injuries.

Plaintiff contended that he was the victim of a vicious and unprovoked assault and beating by Muskiet; whereas defendants contended, inter alia, that while Muskiet was defending himself from an attack by plaintiff, Muskiet fell on top of plaintiff to the hard asphalt surface of the parking lot and that this caused plaintiff's injuries.

The jury found that Muskiet "unjustifiably assaulted" plaintiff with this definition accompanying the issue:

> "You are hereby instructed that the term 'assault' as used in this issue means the use of any unlawful violence upon the person of another with intent to injure him."

The charge comes to us without objection and there was no definition of the word "unjustified" as used in the issue nor was a requested definition tendered.

All other issues in the charge were answered unfavorably to the plaintiff and the jury inserted the word "zero" in answer to the damage issues. A take nothing judgment was entered by the trial court and the appeal is perfected upon a single point of error reading:

> "There is no evidence to sustain the jury's findings of no damages, or, alternatively, there is insufficient evidence."

█ It is obvious that the point of error is multifarious and requires us to review the evidence under different standards. Justice Bissett in *Barber v. Corpus Christi Bank & Trust,* 506 S.W.2d 254, 257–258 (Tex.Civ.App.—Corpus Christi 1974, no writ), collected many of the cases on the subject and we adopt the rationale and the holding of the *Barber Case.* See also *Inman v. Padrezas,* 540 S.W.2d 789, 796 (Tex. Civ.App.—Corpus Christi 1976, no writ); *Ives v. Watson,* 521 S.W.2d 930, 933 (Tex. Civ.App.—Beaumont 1975, writ ref'd n.r.e.); *International Security Life Ins. Co. v. Robichau,* 510 S.W.2d 132, 135 (Tex.Civ.App.— Beaumont 1974, no writ); *Jack Criswell*

*Lincoln Mercury, Inc. v. Tsichlis,* 549 S.W.2d 255, 258 (Tex.Civ.App.—Beaumont 1977, no writ).

Although we do not approve of the manner of presenting the complaint, our Supreme Court has spoken very firmly on the subject. See *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex.1976), reaffirming the rule laid down in *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943). Thus, we are required to "look to the 'point' and the statement and argument thereunder to determine the question of reversible error."

We do so following the rules laid down in the authorities, e. g., *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952), and R. Calvert, " 'No evidence' and 'Insufficient Evidence' Points of Error", 38 Tex.L.Rev. 361 (1960). We find no merit to the spurious or hybrid "no evidence" point and it is overruled. See M. Hatchell and R. Calvert, "Some Problems of Supreme Court Review", 6 St. Mary's L.J. 303, 323 (1974). See also, *Ross v. Sher,* 483 S.W.2d 297, 299 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

█ In considering a factual insufficiency point challenged by a party upon whom the burden of proof rested, we will apply the usual rule to our consideration of the evidence. Thus, we will examine the entire record to see if there is any evidence to support the jury's negative answer. See *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965), and authorities therein cited.

█ Plaintiff argues that under this court's decisions in *Dupree v. Blackmon,* 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.), and *Bazzano v. Ware,* 530 S.W.2d 650 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.), he is entitled to a reversal simply because he was hurt in the scuffle or fight and the jury did not assess any monetary damages against the defendants. We disagree with this contention under the peculiar facts of the case at bar.

The two special issues on damages, which the jury answered "zero," did not inquire of

the amount of damages sustained by plaintiff because of the unjustified assault; instead, each was confined to the damages which plaintiff sustained "from the occurrence in question." *

Under the record which we review, plaintiff's injuries may well have been received while Muskiet was defending against an attack by plaintiff; or, such injuries may have been received accidentally when Muskiet fell upon plaintiff. Certainly, the jury was not *required* to find, under the conflicting testimony in this record, that the physical injuries plaintiff received on the parking lot that night occurred in connection with an unjustified assault.

■ Plaintiff was entitled to be compensated only for injuries sustained by reason of the unjustified assault by Muskiet; he was not entitled to damages for injuries which he may have received accidentally or incident to Muskiet's self-defense. In *Dupree v. Blackmon,* supra, relied upon by plaintiff, there was no suggestion that plaintiff's injury did not result from the collision of the motorbike and the pickup truck. The objective symptoms of injury could readily have been disproved by the defendant if they did not exist. No such similarity of conditions exist in this cause.

If plaintiff wanted the jury to assess damages resulting from the unjustified assault, he had but to frame an issue making such inquiry of the jury. He did not so frame the issue nor did he object to an issue which did not limit the inquiry to damages properly recoverable.

We are unwilling to extend *Dupree* to a case which has no factual similarity. It was for the jury to assess the damages; and, as stated in *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966):

"Properly interpreted, the answer is nothing more than a failure or refusal by the jury to find from a preponderance of the

evidence that [plaintiff sustained damages because of the unjustified assault], and means, in law, that the [plaintiff] failed to carry [his] burden of proving the fact."

■ There is an additional reason for affirmation of the judgment as to the defendant Phil Frank. Upon the appeal, as noted earlier, plaintiff complains only of the failure of the jury to assess damages against the defendant Muskiet. In Special Issue No. 3, the jury found that plaintiff had not carried his burden of showing an actionable wrong against Frank and no challenge is made to that finding. The failure of the jury to find damages is, as to Frank, immaterial. *Southern Pine Lumber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334 (1939).

■ Similarly, as to the defendant Richard Tannenbaum, there is an additional reason for the affirmation. Such defendant raised a fact issue under Tex.R.Civ.P. 93 as to his ownership of the restaurant. Plaintiff did not introduce any evidence on this question nor did he request any jury issue on the question of ownership. Since the judgment entered was adverse to plaintiff, there is a presumed finding in Tannenbaum's favor that he did not do business under such assumed name and such finding has not been challenged by plaintiff. See generally Tex.R.Civ.P. 279; *Strauss v. LaMark,* 366 S.W.2d 555, 557 (Tex.1963).

The judgment in its entirety is affirmed.

AFFIRMED.

---

* Special Issue No. 7 read: "What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate John David Eoff for his injuries, if any, which you find from a preponderance of the evidence resulted *from the oc-*

*currence in question?"* (emphasis supplied) The next issue, inquiring of medical and hospital expenses, also inquired of the cost of such treatment of injuries "from the occurrence in question."