Victor OZUNA (and Olivia O. Perales, Individually and as Next Friend of Her Minor Son, Victor Perales), Appellants,

v.

DYER FRUIT BOX MANUFACTURING COMPANY, Appellee.

No. 1354.

Court of Civil Appeals of Texas, Tyler.

Sept. 4, 1980.

**336**

Raul Garcia, Alice, for appellants.

Paul N. Davis, Jorge C. Rangel, Corpus Christi, for appellee.

SUMMERS, Chief Justice.

This is an action arising out of a collision between two trucks at a highway intersection.

Appellee Dyer Fruit Box Manufacturing Company (Dyer) as plaintiff sued appellant Victor Ozuna for damages to its truck allegedly caused by Ozuna's negligence in driving out from a stop sign into the path of Dyer's truck which had the right of way. Ozuna was driving his truck accompanied by his grandson, Victor Perales. Olivia O. Perales, individually and as next friend for her minor son, Victor Perales, intervened and along with defendant Ozuna counterclaimed against Dyer for personal injuries to Victor Perales and Victor Ozuna, together with damages to Ozuna's truck.

The collision between the two trucks occurred at approximately 7:10 p. m. on December 11, 1977, at the intersection of U. S. Highway 281 and Farm Road 716 near Premont, about 18 miles south of Alice, Texas.

In response to special issues the jury found that Ozuna was negligent in failing to keep a proper lookout (S/I 1), failing to yield to oncoming traffic having right of way (S/I 3) and failing to properly apply brakes (S/I 5). The jury further found that each of these acts of negligence proximately caused the collision in question (S/I 2, 4, 6). The jury found that Dyer's driver, Ted Sample, did not fail to keep a proper lookout (S/I 7) and was not driving at a greater rate of speed than a person using ordinary care would have driven (S/I 9). Although the jury found that Dyer's driver failed to properly apply his brakes (S/I 11), they further found that such failure was not a proximate cause of the collision (S/I 12). Damages to Dyer's truck were stipulated.

On the basis of these findings, the trial court rendered judgment for appellee Dyer in the amount of the stipulated damages and that Ozuna and Intervenor Perales recover nothing.

From this adverse judgment, appellants Ozuna and Perales have appealed.

We affirm.

In the index of their brief appellants refer to their single and first point of error as being on page 3 and immediately following that reference set forth the following statement in the index:

"The Trial Court erred in excluding photographs of the accident scene to show that the investigating officers (sic) reconstruction of the accident was erroneous."

■ The failure of appellants to brief and argue the above statement alleging error in the exclusion of photographs constituted a waiver of this complaint. It is well settled that points of error are required to be supported by argument and authorities, Tex.R.Civ.P. Rule 418(e), and if not so supported, the points are waived. *Burgess v. Sylvester*, 143 Tex. 25, 182 S.W.2d 358, 360 (1944); *Nolan v. Bettis*, 577 S.W.2d 551, 556 (Tex.Civ.App.–Austin 1979, ref'd n. r. e.); *Security Federal S. & L. Assn. v. DeWitt*, 536 S.W.2d 262, 265 (Tex.Civ.App. Amarillo 1976, writ ref'd n. r. e.); *Phagan v. State*, 510 S.W.2d 655, 659 (Tex.Civ.App. Fort Worth 1974, writ ref'd n. r. e.); 5 Tex. Jur.3d Appellate Review § 477 (1980).

Thereafter, at page 3 in the body of appellant's brief, the first and only point of error is set forth as follows:

"The jurys (sic) answers to Special Issues Numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 14, 15, 16 and 17 are so against the overwhelming weight and degree of the evidence as to be manifestly unjust and wrong and said findings resulted in the rendition of an improper judgment."

■ We agree with appellee that the foregoing point of error in multifarious. A point of error is multifarious if it embraces more than one specific ground of error, or if it attacks several distinct and separate rulings of the trial court. *Rio Delta Land Co. v. Johnson*, 566 S.W.2d 710, 713 (Tex.Civ. App.–Corpus Christi 1978, writ ref'd n. r. e.); *Kroger v. Cellan*, 560 S.W.2d 505, 507 (Tex.Civ.App.–Tyler 1977, writ ref'd n. r. e.); *City of Houston v. Jean*, 517 S.W.2d 596, 598 (Tex.Civ.App.–Houston [1st Dist.] 1974, writ ref'd n. r. e.); 5 Tex.Jur.3d Appellate Review § 473 (1980).

■ In disposing of this point, we apply the liberal rule with reference to the construction of points laid down in *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943) and reaffirmed by the Supreme Court in *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112, 114 (Tex.1976). The rule so established, simply stated, is that if a point is sufficient to direct the court's attention to the matter complained of, the court will "look to the 'point' and the statement and argument thereunder to determine the question of reversible error." *Eoff v. Muskiet*, 561 S.W.2d 542, 544 (Tex.Civ. App. Beaumont 1977, writ ref'd n. r. e.); *Nueces County Drainage & Con. Dist. No. 2 v. Bevly*, 519 S.W.2d 938, 941 (Tex.Civ. App. Corpus Christi 1975, writ ref'd n. r. e.).

Immediately prior to the collision in question, Ted Sample, appellee's driver, was driving a Mack tractor trailer south on U. S. Highway 281 and appellant Ozuna, accompanied by his grandson, Victor Perales, was driving west in his Chevrolet winch truck on Farm Road 716. Ozuna was proceeding to the scene of another accident that occurred shortly before on U. S. Highway 281 about 50 feet north of the intersection with Farm Road 716. Ozuna testified that the prior accident involved two of his close friends; that as he approached the stop sign, which faced him at the intersection, he could see the vehicles involved in the prior accident and was primarily concerned with that accident; that he intended to cross the intersection and then back up along 281 to the scene of the prior accident; that after stopping at the stop sign, he proceeded across the intersection not seeing Dyer's tractor trailer or any traffic there; that the first time he saw the truck was right at impact when "it was almost on top of me"; and that there was a police officer at the intersection who signaled him to cross the intersection. However, all other testimony discloses that at the time of the collision in question there was only one police officer in the area, Officer Maldonado, and he was some fifty feet north of the intersection investigating the prior accident and in no way directing traffic.

Ted R. Sample testified that two Dyer trucks were traveling along together on this trip to the valley; that as they left Alice headed south on U. S. Highway 281 he heard a report on his CB radio of an accident immediately north of Premont; that he started slowing down when he saw the police car at the scene of the reported accident; that as he got closer to that accident he saw blinking lights, a trailer truck and an officer at the scene; that the driver of the other Dyer truck traveling in front of him passed the vehicles in the prior accident and the intersection; that he (Sample) just continued to slow down and passed the scene of the prior accident; that he didn't have to apply the brakes to slow down before the accident in question because he "just let off the accelerator and let it slow itself down"; that all of a sudden Ozuna's winch truck pulled out in front of him; that he did not see this truck until it came out in front of him; that there wasn't anything he could do because the collision had occurred before he could react; that the impact occurred within the intersection; and that the tractor–trailer pushed the winch truck sideways on the right shoulder of the roadway.

Officer Maldonado testified that at the time of the accident in question, he was about 50 feet north of the intersection investigating the prior accident; that he was the only officer there and he was not directing traffic; that he could hear Sample's truck coming down the highway and could tell he was slowing down by the noise of his motor; that he saw Ozuna approach the intersection but didn't see him stop; that he didn't realize a collision had occurred between Sample and Ozuna until he heard the impact; that as he turned he saw that the Dyer Truck (driven by Sample), which was southbound on 281, had hit the Ozuna truck broadside, about the center of his truck, and was pushing him southbound down the highway; that part of the trailer on the Dyer vehicle ended up still on the roadway; that as shown by the debris from the collision, the point of impact occurred inside the intersection in the southbound lane; that as Mr. Ozuna was pulled from his truck, there was some concern from his relative that his glasses had been lost but Officer Maldonado said "His glasses are in his pocket." The testimony disclosed that Mr. Ozuna is required to wear glasses while driving, and Mr. Ozuna testified he was wearing glasses at the time of the accident. Both Ozuna and his doctor testified that he hurt his nose in the accident, but his glasses were apparently not damaged. Appellant Ozuna was not conscious and could recall nothing about the accident until about 5 or 6 days later.

Both drivers and Victor Perales were taken to Brooks County Hospital in Falfurrias. Ozuna was treated for his injuries and hospitalized for 8 days, was later readmitted to the hospital for 8 days on December 25, 1977, and again for 3 days on April 15, 1978.

Victor Perales was treated in the hospital emergency room for his injuries and hospitalized for two days for observation. He was later referred to a plastic surgeon for the removal of scars on his forehead and correction of eyelid damage.

■ When the contention is made that the evidence is factually insufficient to support the jury findings, or the findings are against the great weight and preponderance of the evidence, a court of civil appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ After a review of the entire record and having weighed and balanced all the evidence, both that in favor of and against the verdict, we are of the opinion that the findings of the jury in answer to special issues 1, 2, 3, 4, 5, 6, 7, 8, 9, 11 and 12 are supported by evidence of probative force and that we would not be justified in concluding that such findings are so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Insofar as appellant's point complains of such findings, the same is overruled.

Furthermore, appellants did not brief or argue the assertion in its point that the jury's findings in answer to special issues 3, 4, 7 and 8 are against the great weight and preponderance of the evidence so as to be manifestly unjust; that part of appellants' point is therefore waived and not entitled to be considered on appeal.

Appellants further contend that the jury completely disregarded the evidence in its findings to special issues 14, 15, 16 and 17, pertaining to damages allegedly sustained by appellants, and that the jury's answers to such issues were induced by bias and prejudice. These issues became immaterial when the jury found in findings supported by the evidence that appellee Dyer's driver was not at fault in causing the collision and that appellant Ozuna was guilty of negligence in three different respects that proximately caused the collision. These findings of the jury, so supported by the evidence, required the rendition of judgment in favor of appellee Dyer, regardless of the extent of damages suffered by appellants; and in view of these findings, it would have been the duty of the trial court to render the judgment that it did render, even if the jury had answered that appellants were damaged in a substantial amount or even if the jury had failed to answer the issues as to damages. *Southern Pine Lumber Co. v. Andrade*, 132 Tex. 372, 124 S.W.2d 334, 335; *Eoff v. Muskiet*, supra at 545.

Having considered all matters asserted in appellants' point of error and finding them to be without merit, the point is overruled.

The judgment of the trial court is affirmed.