cigar 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-346-CV





 McCARTY-HULL CIGAR CO., INC. d/b/a McCARTY-HULL, INC., ET AL.,



 APPELLANTS


vs.





BOB BULLOCK, COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE


OF TEXAS; ANN W. RICHARDS, TREASURER OF THE STATE OF TEXAS;


AND JIM MATTOX, ATTORNEY GENERAL OF THE STATE OF TEXAS,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 491,508, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 




 This is an appeal from a summary judgment in a tax protest suit in which appellants
seek to recover amounts paid to the state of Texas pursuant to section 154.021(b) of the Texas Tax
Code. Tex. Tax Code Ann. § 154.021(b) (West 1992). In their first six points of error,
appellants McCarty-Hull Cigar Co., Inc., d/b/a McCarty-Hull, Inc., et al. (1) (for simplicity,
hereinafter "McCarty-Hull" or "the company") complain that the trial court erred in granting the
State's motion for summary judgment and in denying McCarty-Hull's motion for the specific
reasons that (1) the relevant tax statute did not impose any tax liability on cigarette distributors
such as McCarty-Hull; (2) if the statute did impose tax liability upon these distributors, it violated
their equal protection rights; and (3) the state treasurer's interpretation of the statute as imposing
tax liability denied McCarty-Hull equal protection under the law. In McCarty-Hull's last two
points of error, the company complains that the trial court erred in granting the State's motion for
summary judgment by finding that McCarty-Hull would be unjustly enriched by a tax refund and
that its claim was moot. We will affirm the trial court's judgment.



FACTUAL BACKGROUND


 During the sixth special session of the 71st Legislature, the legislature enacted H.B.
6, which amended section 154.021(b) of the Tax Code to increase the excise tax on cigarettes
from $13.00 to $20.50 per thousand on cigarettes weighing three pounds or less per thousand. 
Act of June 5, 1990, 71st Leg., 2d C.S., ch. 5, art. 2, sec. 2.01, 1990 Tex. Gen. Laws 41, 42
(Tex. Tax Code Ann. § 154.021(b) (West 1992)). As a result of this increase, the state treasurer
inventoried certain cigarette distributors, including McCarty-Hull, and collected from them an
amount equal to the tax increase on the cigarettes in their possession on July 1, 1990, the effective
date of the tax increase. McCarty-Hull paid the tax under protest and then sought a refund. Tex.
Tax Code Ann. § 112.051 (West 1992) & § 112.052 (West 1992 & Supp. 1994). 

 McCarty-Hull filed a motion for partial summary judgment, arguing that the tax
increase did not apply to the company or, alternatively, that the increase violated the company's
equal protection rights. In return, the appellee officials of the state of Texas, (collectively "the
State"), filed a motion seeking summary judgment on two grounds, contending that a tax refund
to McCarty-Hull would unjustly enrich the company and that the claim was moot because the
company had already recovered from its customers the amount of tax it had paid through a price
increase pursuant to section 154.023 of the Tax Code. (2) The State based these arguments in part
on an admission McCarty-Hull allegedly made in response to a discovery request from the State. 
McCarty-Hull allegedly stated that it raised the price on its cigarette inventory sold on or after
July 1, 1990, in an amount approximately equal to the amount of the tax increase. The trial court
granted the State's motion and rendered judgment for the State. McCarty-Hull appeals.



DISCUSSION AND HOLDING


 The State moved for summary judgment on the basis that McCarty-Hull's claims
were moot or that a refund would result in the company's unjust enrichment. The trial court's
judgment necessarily rests on one of these two grounds. See Stiles v. Resolution Trust Corp., 867
S.W.2d 24 (Tex. 1993). On appeal, McCarty-Hull must demonstrate that neither basis will
support summary judgment and, thus, the judgment was in error.

 McCarty-Hull brings no broad point of error generally challenging the trial court's
granting of summary judgment in favor of the State. See Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970). As it is entitled to do, the company asserts specific challenges to
the judgment. When specific attacks are used, the judgment must be affirmed if there is any other
basis on which the trial court could have rendered judgment. Dubow v. Dragon, 746 S.W.2d 857,
859 (Tex. App.--Dallas 1988, no writ); see Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79
(Tex. 1989) (when trial court order does not specify grounds for granting summary judgment,
appellate court will affirm if any theories advanced are meritorious).

 In its seventh and eighth points of error, McCarty-Hull complains that the trial
court erred in granting summary judgment for the State on the two bases the State asserted in its
motion, that McCarty-Hull's claim was moot and that it would be unjustly enriched by a tax
refund because the company already had otherwise recovered the tax it had paid. McCarty-Hull,
however, cites no authority and offers almost no argument in support of its contentions. Points
of error are required to be supported by argument and authorities and if not so supported are
waived. Tex. R. App. P. 74(f); Rayburn v. Giles, 182 S.W.2d 9 (Tex. Civ. App.--San Antonio
1944, writ ref'd); Toungate v. Bastrop Indep. Sch. Dist., 842 S.W.2d 823, 828 (Tex. App.--Austin
1992, no writ); Golden Villa Nursing Home, Inc. v. Smith, 674 S.W.2d 343, 351 (Tex.
App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.) (citing Ozuna v. Dyer Fruit Box Mfg. Co., 606
S.W.2d 334, 337 (Tex. Civ. App.--Tyler 1980, no writ)); see Rodriguez v. Morgan, 584 S.W.2d
558, 559 (Tex. Civ. App.--Austin 1979, writ ref'd n.r.e.). Therefore, McCarty-Hull has waived
the complaints in its seventh and eighth points of error and does not properly attack on appeal the
grounds on which the judgment rests.

 Furthermore, McCarty-Hull never responds to the primary argument on which the
State based the two grounds in its motion for summary judgment, namely that the company
already had recouped the tax payments from its customers through higher prices. (3) The State made
these arguments to the trial court in support of its motion for summary judgment and makes them
again on appeal. "If the summary judgment does not state the specific ground on which it was
granted, it may be upheld on any theory presented in the motion." Smither v. Texas Util. Elec.
Co., 824 S.W.2d 693, 694 (Tex. App.--El Paso 1992, writ dism'd by agr.) (citing Tilotta v.
Goodall, 752 S.W.2d 160, 161 (Tex. App.--Houston [1st Dist.] 1988, writ denied)); see
International Union UAW v. Johnson Controls, 813 S.W.2d 558, 565 (Tex. App.--Dallas 1991,
writ denied) (citing McCrea v. Cubilla Condo. Corp., 685 S.W.2d 755, 757 (Tex. App.--Houston
[1st Dist.] 1985, writ ref'd n.r.e.)). Because it has not effectively attacked the judgment,
McCarty-Hull has failed to prove the judgment could not stand on either ground asserted in the
State's motion for summary judgment and, therefore, has failed to demonstrate that the trial court
erred in granting summary judgment for the State.

 For the foregoing reasons, we overrule points of error seven and eight. Because
these points are dispositive of the appeal, we need not address McCarty-Hull's first six points of
error.

 We affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Kidd and B. A. Smith

Affirmed

Filed: March 16, 1994

Do Not Publish
1.   Appellants are McCarty-Hull Cigar Co., Inc. d/b/a McCarty-Hull, Inc.; Basin
Candy and Tobacco Company; Berry-Barnett Grocery Company, Inc.; B & G Tobacco &
Candy Company, Inc.; B & G Tobacco & Candy Company, Inc. d/b/a B & G Pasadena
Wholesale; Capital Wholesale, Inc.; George Wholesale Company, Inc.; Grocers Supply
Institutional & Convenience, Inc.; Grocers Supply Company, Inc.; GSC Enterprises, Inc.
d/b/a Grocery Supply Company; GSC Distributing Company; GSC Enterprises, Inc.
d/b/a GSC Distributing Companies; GSC Enterprises, Inc. d/b/a Sweeney & Company;
GSC Enterprises, Inc. d/b/a Joykist/GSC Distributing Company; Harold's Wholesale,
Inc.; Independent Grocers, Inc.; J.C. Kellam Wholesale Company; Lee's Wholesale
Candy & Tobacco Co.; McLane Company, Inc.; Pardue Candy Company; P.H.S.
Distributing Company, Inc.; S.M. Ragland Cigar & Tobacco Company, Inc.; Southland
Distribution Center of Texas (a division of the Southland Corporation); Southwest
Wholesale Tobacco & Candy Company d/b/a Southwest Wholesale Grocery; R.C. Taylor
Wholesale, Inc.; Tobacco Sales Company, Inc.; Tobacco Sales Company, Inc. d/b/a
Baker Wholesale; Trinity Distributors; and Affiliated Foods, Inc.
2.   Section 154.023 states:


The ultimate consumer or user in this state bears the impact of the tax
imposed by this chapter. If another person pays the tax, the amount of the
tax is added to the price to the ultimate consumer or user.


Tex. Tax Code Ann. § 154.023 (West 1992).
3.   In addition, McCarty-Hull did not include in the appellate record the alleged
admission offered in support of the State's motion. McCarty-Hull had the burden to
bring forward a complete record in order to prove harmful error. DeSantis v. Wackenhut
Corp., 793 S.W.2d 670, 689 (Tex. 1990), cert. denied, 498 U.S. 1048 (1991). Absent a
complete record of the summary judgment evidence, an appellate court must assume that the
omitted documents support the judgment of the trial court. Id. (citing Hassell v. New England
Mut. Life Ins. Co., 506 S.W.2d 727 (Tex. Civ. App.--Waco 1974, writ ref'd); Alexander v.
Bank of Am. Nat'l Trust & Sav. Ass'n, 401 S.W.2d 688, 689 (Tex. Civ. App.--Waco 1966,
writ ref'd)).